ATLANTIC AND PACIFIC RAILROAD COMPANY *v.* HOPKINS.

1. In Kansas, an order of a court in a proceeding in aid of execution directing a garnishee to pay to the judgment creditor money which he owes to the judgment debtor is not a judgment, and does not determine finally the liability of the garnishee.

2. Therefore, in such a proceeding, an order of the circuit court of the United States, sitting in that State, awarding execution against a garnishee, is erroneous.

ERROR to the Circuit Court of the United States for the District of Kansas.

On the 30th of November, 1872, Hopkins obtained, in the Circuit Court of the United States for the District of Kansas, a judgment against the St. Louis, Lawrence, and Denver Railroad Company for $6,385, with interest and costs of suit. Upon this judgment two executions were issued, and returned unsatisfied.

The attorney for Hopkins filed in the clerk's office, June 19, 1873, his affidavits, setting forth that he had good reason to and did believe that the Pacific Railroad, and the Atlantic and Pacific Railroad Company, were indebted to the St. Louis, Lawrence, and Denver Railroad Company. Garnishee summons with interrogatories attached were thereupon issued. The companies answered, denying their indebtedness; but the court, on the 4th of December, 1873, having, upon consideration of said answers and the argument of counsel thereon, found that the sum of $7,500 would be due from the garnishees to the defendant on the first day of January then next ensuing, passed the following order:—

"It is, therefore, now by the court here considered, ordered, and adjudged that said garnishees, the Pacific Railroad and the Atlantic and Pacific Railroad Company aforesaid, as garnishees herein, pay into this court, to the clerk thereof, on the first day of January next, so much of said sum of $7,500 as it will require to pay and discharge the judgment heretofore, and on the thirtieth day of November, A.D. 1872, rendered herein in favor of said plaintiff against said defendant, that is, the sum of $6,385, with interest thereon at the rate of seven per cent per annum from the said thirtieth day of November, A.D. 1872, and the costs by said plaintiff in this action expended, and that execution issue therefor if they neglect to make such payment on that first day of January, A.D. 1873; and that on such payment being made herein to said clerk by said garnishees, or either of them, the said garnishees are to both stand and be discharged herefrom without costs against them or either of them; but if they fail to make such payment on said first day of January next, then such execution is to be issued and enforced against said garnishees and their and each of their property, at their costs."

To this order and judgment said garnishees excepted, and sued out this writ of error.

Argued by *Mr. C. E. Bretherton* for the plaintiff in error.

Submitted on printed arguments by *Messrs Clough & Wheat,* for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The Supreme Court of Kansas, since the order complained

of in this case was made, has decided that an order in a proceeding in aid of execution, under sect. 490 of the Civil Code of that State, directing a garnishee to pay to the judgment creditor money which he owed the judgment debtor, was not a judgment, and did not determine finally the liability of the garnishee. The language of the opinion is as follows: —

"The making of it [such an order] is not an adjudication between the parties. It does not determine their ultimate rights. It simply gives to the creditor the same right to enforce the payment of the money from the garnishee that the debtor previously had. It is in effect only an assignment of the claim from the debtor to the creditor. The creditor gains no more or greater rights than the debtor had, and the garnishee loses no rights. And the payment of the money can be enforced from the garnishee to the creditor only by an ordinary action." *Board of Education* v. *Scoville*, 13 Kan. 32.

In a previous case, *Arthur* v. *Hale*, 6 id. 165, it was held to be error to award execution against a garnishee to collect the money in case he failed to make payment according to the order. As the practice in the courts of the United States must conform as near as may be to that in the courts of the State, Rev. Stat., sect. 914, these decisions construing the practice acts of the State are binding upon the courts of the United States. It follows that the Circuit Court erred in directing that execution might issue in this case against the garnishee if payment should not be made according to the order. To that extent the order of the Circuit Court is reversed, but in all other respects affirmed; the defendant in error to pay the costs in this court.

*Cause remanded, with directions to modify the order complained of by striking out all that part thereof which directs that execution may issue.*