## GLOVER *v.* SHEPPERD and others.

(*Circuit Court, W. D. Wisconsin.*   August, 1884.)

JURISDICTION OF CIRCUIT COURT—TRANSFER OF INTEREST PENDING HEARING—
CITIZENSHIP—SUPPLEMENTAL BILL.

G., a citizen of Wisconsin, brought a suit in the circuit court of the United States for the western district of Wisconsin against S., a citizen of Minnesota, and W., a citizen of Ohio, to set aside a tax deed upon his land, situated in Wisconsin, as a cloud on his title, and, after the case was ready for trial and set down for hearing, transferred his entire interest in the land to C., a citizen of Minnesota. *Held* that, although C. could not originally have brought the suit, the jurisdiction of the court, having once attached, was not divested by the transfer in such a manner that the assignee could not, by a supplemental bill, or an original bill in the nature of a supplemental bill, filed in the circuit court, continue the jurisdiction of the court, and retain and preserve the benefit of the former proceedings in the suit of G. against the same defendants.

In Equity.

*Pinney & Sanborn,* for complainants.

*Sloan, Stevens & Morris,* for defendants.

BUNN, J.   This action was originally brought by John E. Glover, a citizen of Wisconsin, complainant, against the defendants, Harvey C. Shepperd, a citizen of Minnesota, and Henry B. Waldron, a citizen of Ohio, to set aside a certain tax deed upon the complainant's land, situate in the county of Saint Croix, Wisconsin, as a cloud upon the title. Issue was joined therein, testimony taken, and the cause ready for hearing and set down for hearing in this court, when the complainant, Glover, transferred his entire interest in the land to Margaret Coles, a citizen of Minnesota. Whereupon complainant's solicitors now move to file a supplemental bill, or an original bill in the nature of a supplemental bill, in behalf of Margaret Coles, the assignee of Glover, the original complainant, setting forth all the proceedings in the original cause, and praying that the defendants may be required to answer the said bill. The defendants' attorneys at the same time move for a dismissal of the case, on the ground that the transfer of the complainant's entire interest in the subject-matter of the action worked an abatement of the suit, and that the assignee, being a citizen of the same state as one of the defendants, and not competent to maintain an original suit in this court, cannot attain the same ends by a supplemental bill, or by an original bill in the nature of a supplemental bill.

It is conceded that Mrs. Coles being a citizen of the same state with the defendant Shepperd, could not maintain an original suit in this court; and the question is whether the jurisdiction of this court, having once attached, is divested by the transfer of Glover in such a manner that his assignee cannot, by a supplemental bill, or an original bill in the nature of a supplemental bill, filed in this court, continue the jurisdiction of this court, and retain and preserve the ben-

efit of the former proceedings in the suit of Glover against the same defendants.

There is, perhaps, no adjudged case precisely in point. Those nearest are *Clarke* v. *Mathewson*, 12 Pet. 164, and *Dunn* v. *Clarke*, 8 Pet. 1, which Mr. CURTIS, in his work on the Jurisdiction of the United States Court, 121, cites as an authority for the doctrine which he expressly lays down, that where, by a change of interest or other circumstances, parties come in to succeed to property which was brought under the jurisdiction of the court by a proper proceeding originally, no such change will defeat the jurisdiction. The case of a, change of interest which Mr. CURTIS puts, and which he says was decided in *Dunn* v. *Clarke*, is the case at bar. The only question is whether this and the other cases cited by him are authority for the proposition which he puts. But I am of opinion that they are. The principle deducible from the cases seems to be that, the court having once obtained jurisdiction of the parties and the subject-matter of the controversy, the jurisdiction is not divested by any subsequent event affecting either the citizenship of the parties or the interest in the subject-matter of the suit.

*Morgan's Heirs* v. *Morgan*, 2 Wheat. 296, was a case brought in the United States circuit court for Kentucky by non-residents of that state for the specific performance of a contract for the sale of real estate. After the commencement of the suit one of the complainants removed into the state of Kentucky, where the defendants resided. The court, by MARSHALL, C. J., ruled that the jurisdiction of the federal court, having once vested, was not divested by the change of residence of either of the parties.

*Clarke* v. *Mathewson*, 12 Pet. 169, was originally a bill in equity brought by one Wetmore, a citizen of Connecticut, against defendants who were citizens of Rhode Island. After the cause was at issue, and pending proceedings under reference to a master, the complainant died, and Clarke, a citizen of Rhode Island, was appointed administrator of his estate. Clarke filed a bill of revivor, by which all these facts were made to appear, and from which it was evident that the bill could not be maintained if it was considered wholly as an original suit, because the complainant and defendants were all citizens of Rhode Island. This objection to the jurisdiction was made by the defendants and sustained by STORY, J., and the case dismissed at the circuit. But, upon appeal to the supreme court the judgment was reversed, and the cause sent back for trial, Judge STORY himself delivering the opinion, in which it was held, all the judges concurring, that the bill of revivor was in no sense an original suit, but was a mere continuation of it; that the parties to the original bill were citizens of different states, and the jurisdiction of the court completely attached to the controversy; that, having so attached, it could not be divested by any subsequent event.

That case may perhaps be distinguished from the one at bar in

this: that the bill filed in the reported case was simply a bill of revivor, and, as the court say, was in no sense an original bill. In the case at bar, in order to obtain the advantage of the previous proceedings, the complainant must file what is known in equity pleading as an original bill in the nature of a supplemental bill. But this would not seem such a difference as would serve to divest the court of the jurisdiction over the controversy obtained by the original bill, in the one case more than in the other, and Judge Curtis, in the work referred to, on page 121, after citing the above cases, says:

"And these principles are just as applicable to any other change of parties as to that which occurs in case of removal or death. It is applicable where, owing to a change of interest or from other circumstances, parties have come in to succeed to the property which was brought under the jurisdiction of the court by a proper proceeding originally, and no change will defeat the jurisdiction."

I can discover no reason why the jurisdiction should be defeated in the one case more than in the other, though there be a technical difference in the procedure by which the new party in interest retains the benefit of the former proceedings. And that he may file a bill by which the benefit of the testimony and proceedings taken and had in the original suit shall be retained, is quite clear. See Mitf. Eq. Pl. (Ed. of 1876,) p. 195. In case of the death or bankruptcy of the complainant the transfer of interest is by operation of law. Here it is by the act of the party. But in either case the transfer is entire and complete, and the new party in interest, as complainant, being a resident of the same state with defendant, could not maintain an entirely original suit. So that, whatever the proceedings may be termed by which the original suit is continued, or the benefit of its proceedings is made to inure to the new complainant, whether technically called a supplemental bill, a bill of revivor, a bill of revivor and supplement, an original bill in the nature of a bill of revivor, or an original bill in the nature of a supplemental bill, the jurisdiction of the court attaches by reason of the original bill. If the jurisdiction is lost, there would probably be no way in which the complainant could avail himself of any benefit from the depositions and proceedings taken in the original suit. And this is one important point in which the proceeding differs from an entirely new and original bill not in the nature of a bill of revivor or supplemental bill. The new bill, whether technically a bill of revivor, a supplemental bill, or an original bill in the nature of a supplemental bill, is no more an original suit than the one in *Clarke* v. *Mathewson*, but is in substance and effect but a continuation of a controversy set on foot by the original bill, wherein the jurisdiction of the court had once fully attached.

In *Dunn* v. *Clarke*, 8 Pet. 1, there was a judgment at law obtained by one Graham, a citizen of Virginia, against parties residing in Ohio, to recover certain lands in ejectment. Dunn, a citizen of Ohio, held

the lands in trust under the will of Graham, who had died. Clarke and other complainants, all citizens of Ohio, brought a bill in equity for a perpetual injunction against the judgment in ejectment, and to obtain a conveyance of the land. All the parties being citizens of Ohio, a serious question arose in the supreme court as to whether the circuit court had jurisdiction. The supreme court held that it had, so far as the action against Dunn, the representative of Graham, was concerned, although he was a citizen of Ohio, on the ground that, the jurisdiction having once attached in the ejectment action, and the new suit in equity being in substance a continuation of the previous proceedings, rather than an original bill, the court was not divested of its jurisdiction. This is certainly a very strong case, as is also that of *Clarke* v. *Mathewson*, and I think they should rule the one at bar.

In *Freeman* v. *Howe*, 24 How. 450, the supreme court held that when a marshal had attached property under a process from the circuit court, an action of replevin would not lie in the state court to recover it from his possession. And the court puts the decision on a ground very similar to that of the other cases cited, to-wit, that the jurisdiction of the court, having once attached, cannot be *divested*, and that all questions relating to the property, once in the custody and under the jurisdiction of the court, must be determined by that court. On a like principle it was held in *Huff* v. *Hutchinson*, 14 How. 586, that a marshal, even after he had gone out of office, was competent to sue in a court of the United States, on an attachment bond, citizens of the state of which he was himself a citizen, averring on the record that the suit is brought for the benefit of the plaintiff in the original action, and that they were citizens of another state.

The motion to dismiss is overruled, and the complainants are given leave to file their supplemental bill, or original bill in the nature of a supplemental bill, as prayed for by them.