# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### CROSS et al. v. EVANS.

#### (Circuit Court of Appeals, Fifth Circuit. March 29, 1898.)

#### No. 246.

1. APPEAL AND ERROR—REFUSAL TO TAKE CASE FROM JURY.

 Where there was testimony as to the bad condition of the road at the place where the accident occurred, and also that the accident was due to a drawhead pulling out, which was a matter of pure accident, it was not error to refuse to take the case from the jury.

2. JURISDICTION—CITIZENSHIP—DISCHARGE OF RECEIVERS.

 The jurisdiction of the federal court having attached in an action at law against the receivers of a railroad, such jurisdiction is not lost because the ownership of the railroad subsequently passes to citizens of the same state as the plaintiff, nor by reason of an order of a court in another district discharging the receivers, especially when it expressly provides that pending cases shall not be affected.

3. RAILROAD RECEIVERSHIPS—DAMAGES FOR PERSONAL INJURIES.

 Damage occurring during the time a railroad is in the hands of a receiver is part of the operating expenses, payable out of the income, if there is any; if not, out of the corpus of the property.

4. LIMITATION OF ACTIONS—AMENDED PETITION.

 The assignment of additional specifications of negligence in an amended petition does not create a new cause of action.

 Pardee, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

This was an action to recover damages for personal injuries sustained by the defendant in error on September 1, 1890, while he was in the employ of Cross and Eddy, receivers of the Missouri, Kansas & Texas Railway Company. At the time of the injury, defendant in error was employed as a brakeman on the Taylor, Bastrop & Houston Branch, which was a part of the Missouri, Kansas & Texas System, and was operated by the above receivers; and it is alleged that the injuries were brought about by the derailing of a train through the negligence of said receivers. This suit was originally brought in the district court of Wood county, Tex., on the 5th day of March, 1891, against George A. Eddy and H. C. Cross, receivers of the Missouri, Kansas & Texas Railway Company. On the 20th of April, 1891, Eddy and Cross filed their

86 F.—1

petition and bond for removal of said case on the ground of diverse citizenship,—Eddy and Cross alleging that they were citizens of Kansas,—and on the further ground of a federal question involved; and on May 4, 1891, the bond was approved, and the petition granted, and the case removed to the United States circuit court for the Eastern district of Texas. Plaintiff in his original petition alleged that he received serious and permanent injuries; among others, the loss of his leg. He was working as a brakeman for said receivers, when a wreck occurred, derailing the train, and inflicting upon him the injuries because of which he brought the suit. It was alleged in said original petition that the wrecking of said train was brought about by the drawhead of the fifth or sixth car, or other car, in said train of cars, pulling out and dropping down on the track, catching on the ties, and jamming the cars back, and throwing them off the track and into a creek. It was charged that the drawhead was old, defective, out of repair, and in no fit condition to serve for the purpose for which it was intended; that by reason of the bad and defective drawhead the wreck occurred, and plaintiff was injured. This was the only ground of negligence alleged in plaintiff's original pleading. On the 19th day of January, 1892, defendants Cross and Eddy filed their original answer, in which they set up negligence of plaintiff, and negligence of plaintiff's fellow servants, in causing the jerk which pulled out the drawhead and caused the accident. On August 23, 1892, defendant in error filed his first amended original petition, claiming of Eddy and Cross, receivers, and also of the Missouri, Kansas & Texas Railway Company, incorporated under the laws of Texas (though he did not give it its full corporate name), in which petition he alleged that since the commencement of his suit all the properties in the hands of the receivers had passed into the hands of the railway company, and set forth additional grounds of negligence on the part of the receivers. In this petition, in addition to the grounds of negligence set out in the original petition, plaintiff for the first time alleged further grounds of negligence upon the part of the receivers, substantially as follows: That the track at the point where the cars were derailed was out of repair, and in an unsafe and dangerous condition, and that said train of cars upon which plaintiff was riding was overturned by reason of said bad and defective condition of said roadbed, ties, fish plates, and rails. On August 23, 1893, defendant in error filed his second amended original petition, complaining of the receivers, and of the Missouri, Kansas & Texas Railway of Texas. From this last petition it appeared that plaintiff at the time he was injured was employed on the Taylor, Bastrop & Houston Railway; that this road was a part of the system of the Missouri, Kansas & Texas Railway, and was operated by the receivers. It further appeared: That on the 16th day of April, 1891, the legislature of the state of Texas enacted a law authorizing the sale and conveyance of the Missouri, Kansas & Texas Railway Company's lines of railroad, heretofore operated as the property of the Missouri, Kansas & Texas Railway Company, as a part of the system of roads within the state known as the Missouri, Kansas & Texas Railway, and to provide for and authorize the sale and transfer and conveyance of said lines of railway to, and the purchase and operation thereof, by a single corporation, incorporated under the laws of the state of Texas. First part of section 3 of said act is as follows: "Sec. 3. The sale herein authorized to be made, shall be subject to all just and legal incumbrances, suits or actions for damage or rights of way, liens, judgments and debts given, contracted or incurred by said Missouri, Kansas and Texas Railway Company and other companies herein mentioned upon or against said property or any part thereof, as well as the payment and discharge of all and singular the legal obligations and liabilities whatsoever against said Missouri, Kansas and Texas Railway Company and properties herein mentioned, and for all debts, judgments, suits and all claims for damages against the receivers of said Missouri, Kansas and Texas Railway Company, to the same extent that the property would be liable therefor if the property remained in the possession and control of the Missouri, Kansas and Texas Railway Company, and the purchasing company or corporation shall take the same charged therewith, and subject to the payment thereof and the assumption by such purchasing company or corporation of such incumbrances, debts and liabilities may enter into and constitute a part of the consideration for such sale and conveyance

thereto." That thereafter, on or about the ——— day of ———, 1891, the said Missouri, Kansas & Texas Railway Company, which was organized by and under the laws of the state of Kansas, bargained, sold, and conveyed all its property, including all of the lines of railway named in the fifth section of said special law, to the defendant the Missouri, Kansas & Texas Railway Company of Texas, which, as heretofore alleged, is a corporation organized by and under the laws of the state of Texas. That by an order of the federal court the defendants Cross and Eddy turned over and delivered all of the property in their possession, which included all of the lines heretofore described in said fifth section of said special law, to the defendant the Missouri, Kansas & Texas Railway Company, and thereafter all of said property was turned over by said last-named company to the Missouri, Kansas & Texas Railway Company of Texas; the said last-named company having on the ——— day of ———, 18—, purchased same from the Missouri, Kansas & Texas Railway Company. Said petition further alleged as follows: "That by reason of said law, and sale and delivery of said property, and in conformity therewith, the defendant the Missouri, Kansas & Texas Railway Company of Texas took and received all of said property subject to all of the claims, demands, and liabilities of the old company, and also all of the claims, demands, and liabilities of the receivers, defendants Cross and Eddy. That the defendant the Missouri, Kansas & Texas Railway Company of Texas, by reason of said purchase, and said order of court under which said property was delivered to it, was and is now liable for whatever judgment may be rendered in favor of plaintiff in this cause."

On September 14, 1893, the Texas Company, having been served, filed its original answer, and excepted to the maintenance of the suit against it because it appeared from the plaintiff's petition that both it and the plaintiff were citizens of the state of Texas. It further pleaded that, if the plaintiff had any cause of action, it arose against Eddy and Cross while they were operating the Missouri, Kansas & Texas Railway Company as receivers, and that they were appointed receivers about June 9, 1898, in a certain suit brought in the United States circuit court of Kansas, and by ancillary proceedings in the United States circuit court for the Northern district of Texas, and that on or about the 1st day of July, 1891, by virtue of an order of said United States circuit court, all the property in the hands of said receivers was by them returned to the Missouri, Kansas & Texas Railway Company (not the Missouri, Kansas & Texas Railway Company of Texas, but a corporation of that name formed under the laws of Kansas), and, further, that Eddy and Cross were then discharged as receivers of said property; that said courts retained jurisdiction of said property and of said pending litigation for the purpose of enforcing against said receivers and said property such claims as might be presented to and allowed by them, and it was further provided in the order discharging receivers that all persons having claims against them by reason of causes of action arising during the receivership should present the same on or about January 1, 1892, and in the event of their failure to do so their rights should cease and determine. On September 14, 1893, Eddy and Cross adopted the answer of the Missouri, Kansas & Texas Railway Company of Texas; it and they for the first time then pleading the discharge of the receivers. The defendants' demurrers both to the jurisdiction and to the merits were overruled. The case was tried before a jury, and on Monday, January 11, 1894, resulted in a verdict and judgment for plaintiff, and against the Missouri, Kansas & Texas Railway Company of Texas, for $7,500; dismissing the action in respect to Cross and Eddy, receivers. Motion for a new trial was overruled, and subsequently writ of error allowed to Cross and Eddy, receivers, and the Missouri, Kansas & Texas Railway Company of Texas.

F. C. Dillard, for plaintiffs in error.

J. M. Duncan, T. J. Freeman, and Ben. B. Cain, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

SWAYNE, District Judge, after stating the facts as above, delivered the opinion of the court.

The cause comes here on 10 assignments of error. The sixth, seventh, and eighth object in part to the refusal of the court below to take the case from the jury and direct a verdict for the defendants "because there was no evidence that any defect in the roadbed had aught to do with bringing about the accident, but on the contrary the same was shown to have been caused by a drawhead pulling out, which was a matter of pure accident." The other questions raised by the assignments are: First, the jurisdiction of the federal court; second, the statute of limitations; and, third, the absence of allegation or proof of betterments by the plaintiff to the road while in the hands of the receivers.

On inspection of the record, we find considerable testimony as to the bad condition of the road at the place where the accident occurred. In addition to the testimony of the plaintiff, the depositions of Baker, Guy, and Carriker were read in evidence, and Weaner, who had been foreman of the section, was examined; and they all testified the track was in bad condition at the time of the accident. There was also testimony offered as to the accident being caused by the drawhead. We think the court very properly submitted this testimony all to the jury under the charge given, and there was no error in so doing.

The question of the jurisdiction of the court is the most important in this case. It is vigorously contended by the plaintiffs in error that, because the defendant the Missouri, Kansas & Texas Railway Company of Texas is a citizen of the same state with the plaintiff, the federal court has no jurisdiction in the cause. There can be no doubt that, at the time the suit was removed from the state to the federal court by the receivers, it was properly removed, and that the jurisdiction of the federal court attached, both on account of diverse citizenship and the federal question involved; but plaintiffs in error contend that, because the ownership of the property subsequently passed from the hands of a citizen of another state to those of a citizen of the same state with the plaintiff, therefore the jurisdiction was lost by the federal court, and the cause should be remanded to the state court. This does not seem to be a new question, and the reported cases do not support the contention. In Clarke v. Mathewson, 12 Pet. 164, Story, J., speaking for the court, says:

"The parties to the original bill were citizens of different states, and the jurisdiction of the court completely attached to the controversy. Having so attached, it could not be devested by any subsequent events, and the court had a rightful authority to proceed to a final determination of it. If, after the commencement of the suit, the original plaintiff had removed into, and become a citizen of, Rhode Island, the jurisdiction over the cause would not have been devested by such change of domicile;" citing Morgan's Heirs v. Morgan, 2 Wheat. 290; Mollan v. Torrence, 9 Wheat. 537; and Dunn v. Clarke, 8 Pet. 1.

The same doctrine is announced by Matthews, J., in Stewart v. Dunham, 115 U. S. 61, 5 Sup. Ct. 1163, and later by Foster, J., in

Jarboe v. Templer, 38 Fed. 213, who, after reviewing the above, and other cases to the same effect, adds that:

"If a change of domicile, making both parties citizens of the same state, would not devest jurisdiction, it is useless to argue that a transfer of the subject of litigation, producing the same result, would affect the jurisdiction."

This would seem to be so well settled a doctrine that citation of authorities is not required to maintain it.

In addition to the question of citizenship, plaintiffs in error contend that the order of the federal court discharging Cross and Eddy, as receivers, in the Northern district of Texas, defeated the right of the defendant in error to recover in a suit at law in the Eastern district of Texas, because intervention had not been filed by the plaintiff below in the suit in the Northern district of Texas within the time prescribed. Plaintiff below at no time sought his remedy by intervention, but was content to rely upon his right to sue in an action at law. He never submitted his claim to the federal court for the Northern district, and was in no way bound by the order thereof. When he brought suit against the receivers, Cross and Eddy, as he did, and they moved the cause from the state to the federal court on the grounds of diverse citizenship, jurisdiction of that court attached, and no orders of a court in another district in any way affected it; and we have seen above that because the property changed owners after suit brought in no way affected the jurisdiction. But, if this were not so, the sixth paragraph of said order, brought up in the bill of exceptions, sufficiently defines the purpose and action of the court at the time it was made:

"(6) That nothing in this decree contained is intended to affect, or shall be construed as affecting, the status of any pending or undetermined litigation in which said receivers appear as parties. Such litigations may continue to determination in the name of the receivers, but for the use of the Missouri, Kansas & Texas Railway Company, and at its costs and expense, and with the right to that company, should it be so advised, to appear and be substituted in any such litigation."

The Missouri, Kansas & Texas Railway Company of Texas was organized under the act of legislature of that state of April 2, 1891, and it purchased the property of the Missouri, Kansas & Texas Railway Company under the same act, and that of April 16, 1891; the latter providing, as we have seen, that the purchaser shall take the property subject to all suits and claims for damages against the receivers of the Missouri, Kansas & Texas Railway Company, and the purchasing company shall take the same charged therewith, and subject to the payment thereof. And it further provides that the assumption by such purchasing company of such liabilities may enter into, and constitute a part of, the consideration for such sale and conveyance. Of all of which the Missouri, Kansas & Texas Railway Company of Texas had full notice at the time of purchase; and there can be no doubt that it took the property as the act prescribed, with the liability to pay all such claims as the appellee here presents, as a part of the consideration thereof. We do not see, under the facts of this case, how any question of betterments can arise. Plaintiff below, as we have shown, is not claiming inter-

vention under the receivers, but in another jurisdiction, and in consequence of the act of the Texas legislature; but, if it were not so, damages occurring during the time the railroad property was in the hands of the receivers has been held to be part of the operating expense, and payable out of the income, if there is any, and, if not, it must come out of the corpus of the property.

The mistake the plaintiff in error makes in reference to the remaining question of error raised is in his definition of a cause of action.     He cites from Sayles' Rev. Civ. St. § 3202, as follows:

"There shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterwards, all actions or suits in court, of the following description:    (1) Actions for injuries done to the person of another."

The cause of action in this case was the injury done to the person of the plaintiff below by the negligence of the defendant below. This action was brought within a year from the time the injury occurred, and it is not barred by the statute of limitations.   The assignment of additional specifications of negligence on the part of defendant in the subsequent amended petition of plaintiff to that first set up does not create a new cause of action.    This holding is sustained by the case of Smith v. Railway Co., 12 U. S. App. 426, 5 C. C. A. 557, and 56 Fed. 458, by Thayer, J., in which he cites several cases substantiating the same doctrine.

Although Cross and Eddy were discharged in the court below, they seem to be dissatisfied with this, and come here on appeal. For what purpose, and on what ground, they would seek to be held for this accident, it is difficult to determine from the record.   On the whole record, we do not find any of the assignments of error well taken, and therefore hold the judgment of the court below should be affirmed.

PARDEE, Circuit Judge (dissenting).    I am compelled to dissent from the opinion and judgment of the court, on the following grounds:

1. The action below was one at law.    The court was without jurisdiction to bring into the case, and make a party defendant, a citizen of the same state as the plaintiff, on the ground that the newly-made defendant assumed the obligation of paying the plaintiff's demands because it had acquired property in the possession of the original defendants, upon which property the plaintiff could not claim, nor the court below enforce, a lien.

2. Even if the court below had jurisdiction of the parties, and could be supposed in an action at law to have equitable jurisdiction under the peculiar circumstances, still the defendant in error was entitled to no judgment or decree against the Missouri, Kansas & Texas Railway of Texas without allegation and proof of betterments made by the defendant receivers on the Missouri, Kansas & Texas Railway while the same was in custodia legis.    On this point the decision of the supreme court of the state of Texas in Railway Co. v. McFadden, 33 S. W. 853, appears to be conclusive.

3. The opinion in the instant case appears to be based on the proposition that the United States circuit court of the Eastern dis-

trict of Texas in an action at law can administer and enforce all the equities within the power of the United States circuit court of the Northern district of Texas, which latter court, under a bill in equity there pending, and under proper equity pleadings and proceedings, had possession by receivers of a railroad, and was permitting the operation of the same.