HOOD, Commissioner of Banks of North Carolina, ex rel. NORTH CAROLINA BANK & TRUST CO. v. BELL.

RECONSTRUCTION FINANCE CORPORATION v. SAME.

No. 4029.

Circuit Court of Appeals, Fourth Circuit.

June 8, 1936.

Oscar Leach, of Raleigh, N. C. (Smith, Leach & Anderson, of Raleigh, N. C., on the brief), for appellant.

J. M. Broughton and Clyde A. Douglass, both of Raleigh, N. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This action was instituted in the court below by the Reconstruction Finance Corporation against the defendant, Carl W. Bell, to recover on certain promissory notes aggregating $24,300. These notes had been executed by Bell to the North Carolina Bank & Trust Company and had been indorsed and transferred by it to the Reconstruction Finance Corporation, which held them as collateral security at the time of the institution of the action. While the action was pending, the indebtedness of the North Carolina Bank & Trust Company to the Reconstruction Finance Corporation was paid in full; and the notes were thereupon transferred and delivered to Gurney P. Hood, commissioner of banks of the state of North Carolina, who had succeeded by operation of law to the rights and assets of the North Carolina Bank & Trust Company, which in the meantime had been placed in liquidation. The defendant then filed a plea puis darrein continuance, asking the dismissal of the action on the ground that the plaintiff had no further interest in the notes; and Hood, as commissioner of banks of the state of North Carolina, filed a petition setting forth the facts and asking that he be substituted as plaintiff in the place and stead of the Reconstruction Finance Corporation. The court below denied the motion for substitution and dismissed the action.

As the government of the United States is the owner of more than one-half the stock of the Reconstruction Finance Corporation, and as the amount in controversy is more than $3,000, exclusive of interest and costs, the suit was properly instituted in the court below. 28 U.S.C.A. § 42; Federal Intermediate Credit Bank v. Mitchell, 277 U.S. 213, 48 S.Ct. 449, 72 L.Ed. 854. And that court, having properly acquired jurisdiction in the first instance, did not lose it because of a subsequent change in the conditions upon which jurisdiction was originally based. It is well settled that jurisdiction depending on diversity of citizenship is not lost by removal or change of citizenship, Morgan's Heirs v. Morgan, 2 Wheat. 290, 297, 4 L.Ed. 242; Louisville, N. A. & C. Ry. Co. v. Louisville Trust Co., 174 U.S. 552, 19 S.Ct. 817, 822, 43 L.Ed. 1081; Wichita R. & Light Co. v. Public Utilities Comm., 260 U.S. 48, 54, 43 S.Ct. 51, 53, 67 L.Ed. 124; or by substitution of parties, Hardenbergh v. Ray, 151 U.S. 112, 14 S.Ct. 305, 38 L. Ed. 93; People of Porto Rico v. Ramos, 232 U.S. 627, 34 S.Ct. 461, 58 L.Ed. 763, or by the making of additional parties, Stewart v. Dunham, 115 U.S. 61, 64, 5 S.Ct. 1163, 1164, 29 L.Ed. 329; Phelps v. Oaks, 117 U.S. 236, 6 S.Ct. 714, 29 L.Ed. 888; Wichita R. & Light Co. v. Public Utilities Comm., supra; or by the reduction of the amount demanded below the jurisdictional amount, Cook v. United States, 2 Wall. 218, 17 L.Ed. 755; Kirby v. American Soda Fountain Co., 194 U. S. 141, 24 S.Ct. 619, 48 L.Ed. 911; Travelers' Protective Ass'n of America v. Smith (C.C.A. 4th) 71 F.(2d) 511, 512; or by the transfer of the subject matter of the suit pendente lite to one who is a citizen of the same state as the opposite party, Hardenbergh v. Ray, 151 U.S. 112, 14 S.Ct. 305, 38 L.Ed. 93; Secombe v. Steele, 20 How. 94, 105, 107, 15 L.Ed. 833; Cross v. Evans (C.C.A. 5th) 86 F. 1, 4; Glover v. Shepperd (C.C.Wis.) 21 F. 481, 482; Jarboe v. Templer (C.C.Kan.) 38 F. 213, 217; Sternberger v. Continental Mines, Power & Reduction Co. (D.C.Colo.) 259 F. 293, 297 (but see Pittsburgh, S. & N. R. Co. v. Fiske [C.C.A. 3d] 178 F. 66). And there is no more reason to hold that the court loses jurisdiction in a case such as this than in any of the cases cited; for diversity of citizenship or the question of amount was just as vital to jurisdiction in those cases as is federal incorporation in the case at bar.

As the court had jurisdiction to proceed with the cause, therefore, the question as to whether it should have permitted substitution of parties or dismissed the action upon the facts presented by the opposing motions was a matter to be determined by the local practice under the Conformity Act. 28 U.S.C.A. § 724; Burns

138

Mortgage Co., Inc., v. Fried, 292 U.S. 487, 492, 54 S.Ct. 813, 814, 78 L.Ed. 1380, 92 A. L.R. 1193; Atlantic & P. R. Co. v. Hopkins, 94 U.S. 11, 13, 24 L.Ed. 48; City of Greensboro v. Southern Pav. & Construction Co. (C.C.A. 4th) 168 F. 880, 884 (cert. den. 217 U.S. 602, 30 S.Ct. 693, 54 L.Ed. 898). And we think there can be no doubt but that the North Carolina statute requires that substitution of parties be permitted in such case and that the action be not dismissed. Section 461 of the Code provides: "1. No action abates by the death, marriage, or other disability of a party, *or by the transfer of any interest therein,* if the cause of action survives, or continues. In case of death, except in suits for penalties and for damages merely vindictive, or in case of marriage or other disability of a party, the court, on motion at any time within one year thereafter, or afterwards on a supplemental complaint, may allow the action to be continued, by, or against, his representative or successor in interest. *In case of any other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action.*" (Italics ours).

The use of the word "may" in the last clause of the statute was not intended, we think, to confer on the court a discretion to dismiss the action in the teeth of the provision that the action should not abate by a transfer of interest, but merely a discretion to substitute the transferee as a party instead of continuing the action in the name of the original party. Plotkin v. Merchants' Bank & Trust Co., 188 N.C. 711, 125 S.E. 541. The discretion thus conferred is a sound discretion to be exercised where the circumstances render it proper that the action be prosecuted in the name of the transferee rather than in that of the original plaintiff; and one circumstance calling for the exercise of the discretion is the fact that the transferor, as in this case, has parted with all interest to the transferee, since section 446 of the Code requires that the action be prosecuted in the name of the real party in interest.

For the reasons stated, there was error in the order dismissing the action and refusing to permit the substitution of parties as prayed.

Reversed.