## FEDERAL INTERMEDIATE CREDIT BANK OF COLUMBIA, SOUTH CAROLINA, *v.* MITCHELL ET AL.

No. 456.   Argued March 13, 1928.—Decided May 14, 1928.

*Mr. D. W. Robinson,* with whom *Messrs. R. H. Welch* and *Randolph Murdaugh* were on the briefs, for petitioner.

*Mr. George L: Buist,* with whom *Mr. Wm. J. Thomas* was on the brief, for respondents.

Mr. Justice Butler delivered the opinion of the Court.

Petitioner is a Federal Intermediate Credit Bank chartered under an Act of March 4, 1923, c. 252, 42 Stat. 1454. All its capital stock is owned by the United States. It sued in the federal court for the eastern district of South Carolina to recover more than $3,000.00 claimed on certain promissory notes. The bank is located at Columbia in that State. The defendants were citizens of the State and residents within the district. Jurisdiction was invoked on the ground that the suit is one where the matter in controversy arises under the laws of the United States. § 24(1), Judicial Code, U. S. C., Tit. 28, § 41. The district court held that it was without jurisdiction and dismissed the case. The Circuit Court of Appeals affirmed. 21 F. (2d) 51.

The judicial power of the United States extends to all cases arising under its Constitution and laws. Art. III. By § 2 of an Act of March 3, 1875, c. 137, 18 Stat. 470, which in substance was carried into the Judicial Code as § 24(1), the district courts were given jurisdiction of all suits where the matter in controversy exceeds a specified amount and arises under federal law. A suit by or against a corporation created under an Act of Congress is one arising under the laws of the United States. *Osborn* v. *United States Bank,* 9 Wheat. 738, 816. *American Bank & Trust Co.* v. *Federal Reserve Bank,* 256 U. S. 350. *Sowell* v. *Federal Reserve Bank,* 268 U. S. 449. State citizenship does not result from the mere creation of a corporation under federal law. *Bankers Trust Co.* v. *Texas & Pacific Ry.,* 241 U. S. 295, 309. Section 201(c) of the Act under which petitioner was organized provides that each such bank "for purposes of jurisdiction shall be deemed a citizen of the State where it is located." Sec-

tion 12 of the Act of February 13, 1925, c. 229, 43 Stat. 936, 941, declares that no district court shall have jurisdiction of any suit by or against any corporation upon the ground that it was incorporated by or under an Act of Congress: "*Provided*, That this section shall not apply to any suit . . . . brought by or against a corporation incorporated by or under an Act of Congress wherein the Government of the United States is the owner of more than one-half of its capital stock." U. S. C., Tit. 28, § 42.

The lower courts, erroneously conceiving that § 201(c) is in respect of Federal Intermediate Credit Banks the equivalent of § 24(16) of the Judicial Code applying to national banking associations, held that the former operates to take suits by or against petitioner out of the general rule, and that the proviso in the Act of February 13, 1925, does not apply to it. That conclusion resulted from a misunderstanding of the decision in *Herrmann* v. *Edwards*, 238 U. S. 107. That was a suit brought in the United States court by a stockholder of a national bank against its directors to compel them to reimburse the bank for funds wrongfully diverted. It was a controversy arising under the laws of the United States within the meaning of § 24(1); and if that provision stood alone, the district court would have had jurisdiction. But §. 4 of the Act of July 12, 1882, c. 290, 22 Stat. 162, 163, declared that jurisdiction of such suits, except those between a bank and the United States or its officers and agents, "shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such national banking associations may be doing business when such suits may be begun." Section 4 of the Act of March 3, 1887, c. 373, 24 Stat. 552, 554 (reënacted August 13, 1888, 25 Stat. 433, 436), provided that national banking associations should for the purposes of all actions by or against them "be deemed citizens of

the States in which they are respectively located; and in such cases the circuit and district courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same State "; and it declared that the provisions of the section should not affect jurisdiction of federal courts in cases commenced by the United States or by direction of an officer thereof or in cases for winding up such banks.  Section 24(16) of the Judicial Code gives district courts original jurisdiction of all cases commenced by the United States or by direction of any officer thereof against any national banking association and of cases for winding up any such bank, and of all suits brought by any banking association to enjoin the Comptroller of the Currency or any receiver acting under his direction.  And it provides that all such banking associations " shall for the purposes of all other actions by or against them . . . be deemed citizens of the States in which they are respectively located." This court held that, as to suits not within the specified exceptions, national banks were by the Acts of 1882 and 1887 put on the same basis in respect of jurisdiction as if they had not been organized under an Act of Congress, and that as to such suits federal incorporation was not a ground for jurisdiction.  That conclusion rests upon the direct and affirmative expression of these Acts.  And the decision makes it plain that while § 24(16) adopted a different form of expression, it was in substance a reenactment of the earlier provisions in respect of such jurisdiction.  The provisions of the Judicial Code are to be construed as continuations of existing statutes, and no change of intent is to be implied unless clearly made manifest. § 294, Judicial Code.  The Judicial Code did not restore jurisdiction that the Acts of 1882 and 1887 had taken away.

The state citizenship granted by § 201(c) governs the places where suit may be brought against such banks. § 51, Judicial Code, U. S. C., Tit. 28, § 112. Cf. *Shaw* v. *Quincy Mining Company,* 145 U. S. 444. *In re Keasbey & Mattison Company,* 160 U. S. 221, 229. *Matter of Dunn,* 212 U. S. 374, 388. But it is in nowise inconsistent with the general rule that district courts have jurisdiction of suits brought by or against corporations organized under an Act of Congress on the ground that they are controversies arising under federal law. It is firmly established that, in the absence of enactments plainly expressing that purpose, Congress will not be held to have intended to restrict that jurisdiction. *Herrmann* v. *Edwards, supra,* 118. *Bankers Trust Co.* v. *Texas & Pacific Ry., supra,* 303. That Congress is accustomed to use direct and unmistakable language to effect such important changes in the law is well illustrated by the Acts of 1882 and 1887; by § 5 of the Act of January 28, 1915, c. 22, 38 Stat. 803, 804, providing that no court of the United States shall have jurisdiction of any suit by or against any railroad company upon the ground that such company was incorporated under an Act of Congress, and by § 12 of the Act of February 13, 1925. The Government owns all the capital stock of petitioner and suits by or against it are plainly within the reasons which prompted the enactment of the proviso in § 12. There is no warrant for an inference that by § 201(c) Congress intended to take suits by or against Federal Intermediate Credit Banks out of the general rule.

*Judgment reversed.*