## ST. LOUIS JOINT STOCK LAND BANK OF ST. LOUIS v. FITHIAN et al.

### Nos. 4282, 4283.

District Court, E. D. Illinois.

Oct. 7, 1930.

Bryan, Williams, Cave & McPheeters, of St. Louis, Mo., and Farthing & Farthing, of East St. Louis, Ill., for complainant.

Kasserman & Kasserman, of Newton, Ill., for defendants.

LINDLEY, District Judge.

In each of these cases defendants have moved to dismiss upon the ground that the court is without jurisdiction. The bills as amended disclose that plaintiff is a resident of the state of Missouri and defendants residents of Illinois; that the suits are upon mortgages executed to the Central Illinois Joint Stock Land Bank, a resident of Illinois, on or about the 27th day of October, 1923; that thereafter, on November 30, 1925,

the said mortgagee assigned and transferred the notes and mortgages to plaintiff; that the Illinois bank was dissolved and that plaintiff succeeded to its assets.

The statute forbids jurisdiction in the federal court upon the ground of diversity of citizenship upon an assigned chose in action unless the court would have had jurisdiction in the absence of such assignment. The jurisdiction of the court in the present cases cannot be sustained upon that ground, therefore, unless the facts are sufficient to take the case without the rule. Plaintiff contends that the circumstances under which it acquired the notes and mortgages brings the case within an exception to the rule, viz., that if the original mortgagee had removed to Missouri subsequent to the taking of the mortgages it would, as a citizen of another state, have a right to bring the suit in the United States court, and that its succession to the assets and liabilities of the Illinois corporation amounted to a merger of the two banks and a de facto removal of the Illinois bank to Missouri.

█ The court cannot accede to this conclusion. The Illinois bank was incorporated under and in pursuance of an act of Congress, and was later dissolved; as a result of the liquidation the nonresident plaintiff became the owner of the securities, but only by way of an assignment. There was in fact no merger, no de facto removal of the Illinois bank; consequently, its assignee may not maintain a suit upon the ground of diversity of citizenship.

█ Plaintiff insists that the court should have jurisdiction of these causes as cases arising under the Constitution and laws of the United States. It is true that both banks were incorporated under the act of Congress (12 USCA § 21 et seq.) providing for such corporations, and owed their existence entirely to the provisions of that act, and that prior to February 13, 1925, the court, under the general rule, would have had jurisdiction of the controversies as cases arising under the laws of the United States. Upon the latter date, however, Congress provided (USCA title 28, § 42) that "no district court shall have jurisdiction of any action or suit by or against any corporation upon the ground that it was incorporated by or under an Act of Congress." Without question, under that statute, no suits upon instruments executed subsequent thereto can be maintained in the United States court upon the ground that the same arose under the Constitution and laws of the United States, but

plaintiff insists that since these mortgages were executed prior to said date, the remedy then existing in the United States court was not by the statute abrogated.

To this proposition likewise the court cannot accede. The abrogation of a remedy is always within the power of Congress, for to nullify a previously existing remedy is not to enact an ex post facto law. So in Federal Land Bank v. United States Nat. Bank, 13 F.(2d) 36, the United States Circuit Court of Appeals for the Eighth Circuit held that in view of the fact there was no saving clause in the statute, the act of February 13, 1925, was effective to destroy the court's jurisdiction. In Bankers' Trust Co. v. Texas & Pacific Ry. Co., 241 U. S. 295, 36 S. Ct. 569, 60 L. Ed. 1010, the Supreme Court held that a suit to foreclose a mortgage given by the railway company, incorporated and existing under federal legislation, might not be maintained in the United States court after the enactment of the act of February 13, 1925, denying jurisdiction of cases involving railroads so incorporated, even though the mortgage was given prior thereto under power conferred by the federal charter. This holding is authoritive. The Court of Appeals for the Eighth Circuit found it applicable to facts similar to those now before the court, and it seems to the court controlling upon the question here raised.

Consequently the motions to dismiss must be and are hereby sustained. Judgment will be entered accordingly.