### FIRST CAROLINAS JOINT STOCK LAND BANK OF COLUMBIA v. NEW YORK TITLE & MORTGAGE CO.

District Court, E. D. South Carolina.

Jan. 25, 1932.

Ervine F. Belser, of Columbia, S. C., for plaintiff.

Thomas, Lumpkin & Cain, of Columbia, S. C., for defendant.

GLENN, District Judge.

Plaintiff in this action is the First Carolinas Joint Stock Land Bank, chartered under the Farm Loan Act, title 12 USCA §§ 811–823, inclusive. Plaintiff has its principal place of business at Columbia, S. C. It is authorized to operate in South Carolina and the contiguous state of North Carolina.

The defendant is a corporation organized and existing under the laws of New York doing business in South Carolina, but nonresident thereto. Upon suit brought by the plaintiff against the defendant, the defendant has taken the formal steps necessary for removal to this court, United States District Court for the Eastern District of South Carolina. In its petition for removal, the defendant alleges among other things, that the plaintiff, First Carolinas Joint Stock Land Bank, is a citizen of South Carolina. From this it would necessarily follow that a diversity of citizenship is alleged between the plaintiff and defendant.

Of course, if the plaintiff is not a corporation which has its residence and citizenship for jurisdictional purposes in South Carolina, there is no diversity of citizenship, and a remand would necessarily follow.

Of course it is conceded by all that the citizenship of a corporation organized under an act of Congress does not make the corporation a citizen of any state. The general rule undoubtedly is that the citizenship of a federal corporation created to operate in one or more states is national only. Such a corporation has no state citizenship for jurisdictional purposes unless Congress so enacts.

We start with the familiar proposition that for many years it was consistently held that incorporation under the laws of the United States was a ground for giving a federal court original jurisdiction of such a corporation. This principle of law was brought down to date in the case of American Bank & Trust Company et al. v. Federal Reserve Bank of Atlanta, 256 U. S. 356, 41 S. Ct. 499, 65 L. Ed. 989. But since that date, to wit, by an Act of February 13, 1925, paragraph 12, ti-

tle 28 USCA § 42, Congress took away jurisdiction on the ground of federal incorporation alone, so that the true situation seems now to be that a corporation organized under an act of Congress has no state citizenship for jurisdictional purposes unless Congress specifically declares such corporation to have a state citizenship.

Congress has declared that national banks shall be deemed to be citizens of the state where they operate. Congress has likewise vested Federal Intermediate Credit Banks with state citizenship. But a search of the Federal Farm Loan Act and amendments thereto (12 USCA) fails to show that Congress has anywhere vested Joint Stock Land Banks with a state citizenship. They must therefore be governed, for jurisdictional purposes, by the general rule. The general rule governing jurisdiction of corporations incorporated by or under acts of Congress is that laid down by the plain terms of the statute of February, 1925. This statute provides that "no district court shall have jurisdiction of any action or suit by or against any corporation upon the ground that it was incorporated by or under an Act of Congress." Unless, therefore, we can find some authority for taking the plaintiff out of the terms of this general amendment, we must conclude that the plaintiff is a corporation having a national citizenship only, and no citizenship in South Carolina in a jurisdictional sense. In Federal Intermediate Credit Bank of Columbia v. Mitchell, 277 U. S. 213, 48 S. Ct. 449, 450, 72 L. Ed. 854, the Supreme Court held that the Federal Intermediate Credit Bank was not governed either by the general rule nor by a specific provision which made the bank a citizen of South Carolina, but held that the particular bank was governed by the proviso reading as follows: "Provided, that this section [i. e. Section 12 of the Act of February 13, 1925] shall not apply to any suit * * * brought by or against a corporation incorporated by or under an act of Congress wherein the government of the United States is the owner of more than one-half of its capital stock." U. S. C. title 28, 42 (28 USCA § 42). In other words, the Mitchell Case holds that the general rule will be applied unless there is definite authority for not applying it to a given case.

Congress has not seen fit to vest Joint Stock Land Banks with state citizenship as it has done in the case of national banks and Intermediate Credit Banks.

Since, therefore, the First Carolinas Joint Stock Land Bank, plaintiff in this action, has no South Carolina citizenship, but national citizenship only, there exists no diversity of citizenship in this suit. Therefore it must be remanded to the state court. The same conclusion was reached by the District Court in the case of St. Louis Joint Stock Land Bank v. Fithian et al., 43 F.(2d) 866. There are other cases which bear in one way or another on this general question, and which are cited for the interested reader. These are Bacon v. Federal Reserve Bank (D. C.) 289 F. 513; Wheeler v. Greene, 280 U. S. 49, 50 S. Ct. 21, 74 L. Ed. 160; Bankers' Trust Company v. Texas & Pacific R. Co., 241 U. S. 295, 36 S. Ct. 569, 60 L. Ed. 1010; Fisher & Van Gilder v. First Trust Joint-Stock Land Bank, 210 Iowa, 531, 231 N. W. 671, 69 A. L. R. 1340. This last case seems to be particularly in point, in that it points out that the Land Bank has its domicile in Illinois. But, of course, domicile and citizenship are not synonymous. The very fact that the court there limits its discussion to domicile shows clearly that it took the view that the Joint Stock Land Bank had no citizenship in a jurisdictional sense in Illinois.

A formal order of remand will therefore be granted in this case.