**RHOADS v. NATIONAL IRON BANK OF POTTSTOWN, PA., et al.**

No. 891.

District Court, E. D. Pennsylvania.

Nov. 15, 1940.

Bernard R. Cohn and Nathaniel Shapiro, both of Philadelphia, Pa., for plaintiff.

Charles R. Norberg, of Philadelphia, Pa. (Hepburn & Norris, of Philadelphia, Pa., on the brief), for defendants.

BARD, District Judge.

This is an action in equity by one of numerous bondholders against the trustees of certain trust indentures securing the bonds. The defendants have moved to dismiss the complaint on the sole ground that this court lacks jurisdiction.

For the purpose of considering this motion, the pertinent factual averments of the complaint will be deemed established.

The plaintiff is a resident of Pottstown, Pennsylvania. The defendant bank is a national bank duly organized and existing under the laws of the United States, with its principal place of business in Pottstown, Pennsylvania. The defendant Edward J. Storb is an officer of the bank and participated as such in the transactions concerned.

The plaintiff holds bonds issued under each of four trust indentures in which the defendants are named as trustees. In each indenture the provisions are substantially the same: The trust is inter vivos, the settlor-obligor is a non-resident of Pennsylvania, the res is the assigned interest of the settlor-obligor in a trust administered outside of Pennsylvania, the defendants are given various rights and duties incidental to their trusteeship.

The plaintiff, alleging that the defendants have been remiss in the performance of their trust, to the plaintiff's injury and probable future disadvantage, seeks to have the trustees removed and enjoined to surrender all papers, funds, etc., pertinent to their trust position. Further, the plaintiff requests an injunction against the defendants proceeding with the trust administration or interfering with an appointee the court is asked to name to administer the trusts.

The plaintiff's primary contention in regard to the motion is that the court has jurisdiction since the defendant bank is a national bank.

National Banks, for the purpose of all actions by or against them, with a few statutory exceptions not applicable, are deemed citizens of the state within which they are located. 28 U.S.C.A. § 41(16); Campbell v. Chase Nat. Bank of City of New York, D.C., 5 F.Supp. 156, affirmed, 2 Cir., 71 F.2d 669, 94 A.L.R. 708, appeal dismissed, United States v. Campbell, 291 U.S. 686, 54 S.Ct. 455, 78 L.Ed. 1073, motion denied, 291 U.S. 648, 54 S.Ct. 459, 78 L.Ed. 1043, certiorari denied, Campbell v. Chase Nat. Bank, 293 U.S. 592, 55 S.

652

Ct. 108, 79 L.Ed. 686. It follows that the court does not have jurisdiction in respect to the defendants of record on the basis of diversity of citizenship.

█ Nor is a case to be deemed one "arising under federal laws" or otherwise properly within this court's jurisdiction merely because a party to it is incorporated under an Act of Congress. Act of February 13, 1925, c. 229, § 12, 43 Stat. 941, 28 U.S.C.A. § 42; St. Louis Joint Stock Land Bank of St. Louis v. Fithian et al., D.C., 43 F.2d 866; Federal Land Bank v. United States Nat. Bank, 8 Cir., 13 F.2d 36. Nothing more appearing or controlling than that which is averred in the complaint, it also follows that the court does not have jurisdiction on the basis of the fact that the bank is incorporated under a federal statute.

█ As for the correlative contention that this court has jurisdiction by reason of the fact that fraud is alleged in the complaint, it cannot be sustained. The authorities cited by the plaintiff do not lend support to it. Neither is it compatible with the general doctrine relative to those cases. No "federal question" is concerned.

The plaintiff declares, as an additional jurisdictional ground, that the real parties in interest, the only indispensable parties, are the settlors of the trusts, who are nonresidents of Pennsylvania. On this basis, he contends that the citizenship of the defendants of record is no bar to our jurisdiction. If this be true, the plaintiff has failed to place the allegedly indispensable parties on the record.

█ The party invoking jurisdiction on the basis of diversity of citizenship must show, on the record, diversity of citizenship as between each proper, necessary or indispensable party on the one side of the controversy, and each proper, necessary or indispensable party on the other, when aligned according to their real interests in the controversy at the institution of the suit. Ohlinger's Federal Practice, Vol. 1, p. 269; Raphael v. Trask, 194 U.S. 272, 24 S.Ct. 647, 48 L.Ed. 973; Montana Mining Co. v. St. Louis Mining Co., 204 U.S. 204, 27 S.Ct. 254, 51 L.Ed. 444; Memphis St. Ry. Co. v. Bobo, 6 Cir., 232 F. 708; Minnis et al. v. Southern Pac. Co. et al., 9 Cir., 98 F.2d 913. Parties merely formal or nominal are disregarded in this respect. Weber v. Wittmer Co., D.C., 12 F. Supp. 884.

The necessary facts for determination of the character of the present parties defendant are available in the complaint. I therefore direct myself to a consideration of the question whether the defendants, or either of them, are indispensable, proper and necessary parties, or are merely formal or nominal parties. If the former, the motion must be granted. If the latter, it may be denied in the event the indispensable, necessary or proper parties are before the court.

█ There is no prescribed formula for determining in every case whether a person or corporation is an indispensable party or not, but a rule early announced and often applied is clearly applicable in this, a court of equity. In Shields v. Barrow, 17 How. 129, 139, 58 U.S. 129, 139, 15 L.Ed. 158, indispensable parties were described as "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." This definition was quoted in Barney v. Baltimore City, 6 Wall. 280, 73 U. S. 280, 284, 18 L.Ed. 825; and Niles-Bement Co. v. Iron Moulders' Union, 254 U.S. 77, 80, 41 S.Ct. 39, 65 L.Ed. 145.

█ The defendants are trustees. They have the duties to receive and apply income and principal, exercise discretion in paying off bonds, collect principal on breach of covenants, and to sell at public sale on demand of the bondholders. Legal titles are in the defendants. What is more, the complaint requests relief requiring acts by and restraint of the defendants, as well as relief directed at disentitling them. Under these circumstances, it would be unwarranted to hold the defendants mere nominal parties.

█ There exists a patent confusion among the authorities as to the dispensability of representative parties. But when related to their factual differences, the confusion is dispelled, and it becomes apparent that where the whole relief requested requires an adjudication affecting a particular party, or where a party's presence is necessary to make a final decree effective, that party is indispensable. I am here confronted with such a circumstance and therefore conclude that the indispensability of the present defendants deprives this court of jurisdiction. In fact, were this not so, were the present defendants to be regarded

as the plaintiff urges, as mere nominal or formal parties, the record would still not support jurisdiction on the basis of diversity of citizenship, since no non-residents are parties defendant.

Furthermore, if the settlors of the trusts who have not been named as parties defendant by the plaintiff are deemed indispensable parties by him, the record is defective in this respect, without regard to the jurisdictional question.

The motion is granted.