## DALLAS JOINT STOCK LAND BANK v. AMERICAN EMPLOYERS' INS. CO.

### No. 363.

District Court, N. D. Texas,
Dallas Division.

Dec. 21, 1940.

W. B. Handley, of Dallas, Tex., for the motion.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, Tex., opposed.

ATWELL, District Judge.

The suit is brought in this court on the allegation that the plaintiff is a corporation organized under the Federal Farm Loan Act, 12 U.S.C.A. § 641 et seq., with its office and place of business in Dallas, Texas, and that it is, therefore, a resident of said state. The defendant is an artificial citizen of the state of Massachusetts. The defendant claims that such a situation does not satisfy the diversity requirement.

It claims that plaintiff is an artificial citizen of the United States by reason of its incorporation under the federal statute, but that it is not a citizen of any particular state. That a charter authorizes it to transact business in the state of Texas and in the contiguous state of Oklahoma.

The plaintiff answers that it stands on its right to enter the national court by reason of diversity, and that since it is a Joint Stock Land Bank, it comes under the provision of the statute which makes all "commercial banking" institutions citizens of the state in which operation and domicile is had.

Plaintiff also suggests that since the wording of subdivision 16 of 28 U.S.C.A. § 41, is as follows: "All national banking associations established under the laws of the United States shall, for the purposes of all other actions by or against them, * * * be deemed citizens of the States in which they are respectively located," and since Joint Stock Land Banks are obviously associations and are designated "banks," that they are banking associations established under the laws of the United States, and shall come within the broad language just quoted.

Section 811, Title 12 U.S.C.A., authorizes the incorporation of Joint Stock Land Banks, for carrying on the business of lending on farm mortgage security and issuing farm land bonds. Act July 17, 1916, § 16. Such organizations are subject to the requirements and conditions set forth in previous Sections 671–683 of the same chapter. Section 671 gives the Farm Credit Administration the authority to divide continental United States, excluding Alaska, into districts which shall be known as Federal Land Bank districts. Said dis-

tricts shall be apportioned with due regard to the farm loan needs of the country, but no such district shall contain a fractional part of any state.

Another provision requires it to carry in its title the name of the city in which located. Section 672.

It may sue and be sued as fully as natural persons. Section 676. A Joint Stock Land Bank, however, may not, as do the other banks in the chapter, have any portion of its stock purchased or subscribed by the United States, and its farm loan bonds shall be so engraved as to be readily distinguished in form and color from farm loan bonds issued by Federal Land Banks. Sections 813, 817, 12 U.S.C.A.

Its loans may not be made out of the state in which it has its principal office, or, within some one state contiguous to such state. 12 U.S.C.A. § 818. There is no statute fixing the citizenship of such institution in the state in which it operates.

Later on in the same chapter, Section 1021, Title 12 U.S.C.A., there is a provision for Federal Intermediate Credit Banks. There are to be twelve of such institutions. They have many of the functions of a commercial bank which are not permitted to Joint Stock Land Banks. Such Federal Intermediate Credit Banks have been classified in Federal Intermediate Credit Bank of Columbia v. Mitchell, 277 U.S. 213, 48 S. Ct. 449, 72 L.Ed. 854. That case definitely shows that such Intermediate Bank is given citizenship in the state in which it operates. In the reasoning it is pointed out that the government owns stock to the extent of more than one-half of its capital, and it, therefore, comes under Section 12 of the Act of February 13, 1925, 28 U.S.C.A. § 42.

Such domiciling has not been attempted by Congress for the benefit of the Joint Stock Land Bank.

There are two trial court cases which seem to be well reasoned. First Carolinas Joint Stock Land Bank v. New York Title & Mortgage Company, D.C., 59 F.2d 350, and First Carolina Joint Stock Land Bank v. Page, D.C., 2 F.Supp. 529. Both of these cases decline to fix a state citizenship to the Joint Stock Land Bank in and of the state where it operates.

Citation is made to Bankers' Trust Company v. Texas & Pacific Railway Co., 241 U.S. 295, 36 S.Ct. 569, 60 L.Ed. 1010, which determined that the creation of a corporation by Congress without designation of its location as fixing its citizenship results in simply making it a citizenship of the United States but of no particular state.

It will be recalled that the jurisdiction of national banks, in 1882, 22 Stat. 162, was made the same as other banks, but in 1887, 24 Stat. 552, they were made citizens of the state where located. The language of those Acts, and the institutions to which they relate, and the peculiar nature of the plaintiff, Joint Stock Land Bank, would hardly justify classifying it as the same sort of an institution. The first are commercial banking institutions as generally understood. The second is a peculiarly defined institution without any of the ordinary banking privileges. There is not even the right of the deposit of funds except by the borrower.

In 1923, came the statute, shown in the same chapter 7, Title 12 U.S.C.A. § 1023, relating to Federal Intermediate Credit Banks, which provides that, "And for the purposes of jurisdiction shall be deemed a citizen of the State where it is located." That provision is in the same Act as the provision for the creation of Joint Stock Land Banks.

Mr. Justice Holmes, in American Bank & Trust Company v. Federal Reserve Bank, 256 U.S. 350, 41 S.Ct. 499, 500, 65 L.Ed. 983, 25 A.L.R. 971, said, "We agree with the Court below that the reasons for localizing ordinary commercial banks do not apply to the Federal Reserve Banks created after the Judicial Code was enacted and that the phrase 'national banking associations' does not reach forward and include them. That phrase is used to describe the ordinary commercial banks whereas the others are systematically called 'Federal Reserve Banks.' We see no sufficient ground for supposing that Congress meant to open the questions that the other construction would raise."

The functions of Federal Reserve Banks are judicially known to be much more like the ordinary commercial banks than are Joint Stock Land Banks. We again see an illustration of the difference between genus and species.

We are driven to wonder why Congress did not fix the citizenship of the Joint Stock Land Bank as it did the Intermediate Credit Bank, in the same chapter, if it really meant that the Joint Stock Land Bank should have a local citizenship status. We must conclude that no such local status was intended.

Diversity not appearing, the cause must be dismissed. This is without reference to any other ground of jurisdiction.

Since the above opinion was written, but prior to its filing, the plaintiff has further considered a phrase in 12 U.S.C.A. § 813, which provides that, "Each stockholder of any such bank [Joint Stock Land Bank] shall have the same voting privileges as holders of shares in national banking associations," and that possibly such language indicates that Congress did not consider a Joint Stock Land Bank a national banking association, and, therefore, asks that the cause be dismissed without prejudice, which order is accordingly entered.