FEDERAL DEPOSIT INS. CORPORATION
v. GEORGE-HOWARD et al.

No. 13935.

Circuit Court of Appeals, Eighth Circuit.

Feb. 18, 1946.

Rehearing Denied April 2, 1946.

Jerome Walsh, of Kansas City, Mo., and William E. Trude, of Chicago, Ill. (Francis C. Brown, of Washington, D. C., and James M. Kane, of Chicago, Ill., on the brief), for appellant.

B. C. Howard, of Kansas City, Mo., for appellees.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The Federal Deposit Insurance Corporation brought suit in the District Court (a) for a determination of its right to interest, during the liquidation of a Missouri state bank, on the deposits which it had insured and paid under 12 U.S.C.A. § 264, 49 Stat. 684, and for which it had taken assignments and subrogation from the depositors; and (b) for an order directing payment to it of a fund, in the amount of such interest, which had been placed in escrow by the sole stockholder of the bank under an agreement with the Corporation, made after all other claims of creditors had been satisfied and when the Commissioner of Finance of Missouri was seeking to turn over a remaining surplus to the sole stockholder and to be discharged as statutory receiver, which provided that the escrow fund was to be security for the payment of the Corporation's interest rights, if established, and was to be held "until a court of competent general jurisdiction shall render a final valid judgment making disposition of said fund and directing [the escrow holder] as to such disposition." The suit was against the sole stockholder and the escrow holder.

The District Court dismissed the action, 55 F.Supp. 921, after trial, on the grounds (1) that the controversy was not one arising under the laws of the United States, within the meaning of section 24(1)(a) of the Judicial Code, 28 U.S.C.A. § 41(1)

(a), as a basis for federal jurisdiction; and (2) that, even if jurisdiction had thus existed, a federal court ought not to exercise it in the situation, for comity reasons, but should leave the controversy to be presented to the state circuit court which had supervised the liquidation. The Corporation has appealed.

We think the District Court was in error in each of these holdings.

■ As to the first holding, the statute creating the Federal Deposit Insurance Corporation, after giving the Corporation power generally to "sue and be sued, complain and defend, in any court of law or equity, State or Federal", further expressly provides, 12 U.S.C.A. § 264(j), Fourth, 49 Stat. 692, that "All suits of a civil nature at common law or in equity to which the Corporation [in its own capacity] shall be a party shall be deemed to arise under the laws of the United States." This special provision reasonably can only mean that all such suits to which the Corporation is a party in its own capacity must legally be regarded as arising under the laws of the United States, within the jurisdiction granted to the federal District Courts by section 24(1)(a) of the Judicial Code, 28 U.S.C.A. § 41(1)(a).[1]

■ But, even without this express statutory provision, the suit still would have had to be regarded as one arising under the laws of the United States, within the settled jurisdictional meaning of section 24(1)(a) of the Judicial Code. The Federal Deposit Insurance Corporation is a federal corporation and is one in which the Government owns more than one-half of the capital stock. The Supreme Court has consistently held, from the early case of Osborn v. Bank of U. S. (as interpreted in the Pacific Railroad Removal Cases, Union Pac. R. Co. v. Myers, 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319), 9 Wheat. 738, 22 U.S.

---

[1] The jurisdiction here rests on section 24(1)(a) of the Judicial Code, 28 U.S.C.A. § 41(1)(a), since the provision in 12 U.S.C.A. § 264(j) Fourth, 49 Stat. 692, contains no separate grant of jurisdiction, such as is contained in the provision applicable to the Federal Reserve Banks, 12 U.S.C.A. § 632, 48 Stat. 184, where there is added "and the district courts of the United States shall have original jurisdiction of all such suits." This grant has been held to confer jurisdiction independently of section 24(1)(a) of the Judicial Code. See Federal Reserve Bank of Rich-

mond v. Kalin, 4 Cir., 77 F.2d 50; Federal Reserve Bank of Atlanta v. Atlanta Trust Co., 5 Cir., 91 F.2d 283, 117 A.L.R. 1160; British-American Tobacco Co. v. Federal Reserve Bank of New York, 2 Cir., 105 F.2d 935.

Incidentally, the opinion of the Supreme Court in D'Oench, Duhme & Co. v. Federal Deposit Insurance Corporation, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956, seems to us to constitute a clear recognition of federal jurisdiction over suits by or against the Corporation.

738, 6 L.Ed. 204, on down, that suits generally by or against federal corporations are suits "arising under the laws of the United States", except as Congress may choose specifically to limit the meaning or application of that term. Thus, in Federal Intermediate Credit Bank of Columbia v. Mitchell, 277 U.S. 213, 217, 48 S.Ct. 449, 451, 72 L.Ed. 854, the court said that, "in the absence of enactments plainly expressing that purpose, Congress will not be held to have intended to restrict that jurisdiction", and again, in Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 114, 57 S.Ct. 96, 98, 81 L.Ed. 70, in commenting on the consistent line of decision in such cases, that "within their special field there was no thought to disturb them."

Congress has from time to time limited the general jurisdictional meaning of the term "arising under the laws of the United States" in its application to federal incorporation, which restricting statutes have been listed in the opinion in People of Puerto Rico v. Russell & Co., 288 U.S. 476, 485, 53 S.Ct. 447, 77 L.Ed. 903. The last of these statutes, enacted in 1925, 28 U.S.C.A. § 42, 43 Stat. 941, limits the jurisdictional meaning of section 24(1)(a) of the Judicial Code generally in this class of cases to "any suit, action, or proceeding brought by or against a corporation incorporated by or under an Act of Congress wherein the Government of the United States is the owner of more than one-half of its capital stock." [2] But suits by or against a federal corporation in which the Government owns more than one-half of the capital stock thus still constitute, within the doctrine of Osborn v. Bank of U. S., supra, 9 Wheat. 738, 22 U.S. 738, 6 L. Ed. 204, suits arising under the laws of the United States, for jurisdictional purposes of section 24(1)(a) of the Judicial Code. Since that was the situation in the present case and the amount in controversy exceeded the statutory requirement, the District Court had jurisdiction on this ground also. Cf. Federal Intermediate

Credit Bank of Columbia v. Mitchell, supra, 277 U.S. 213 at page 217, 48 S.Ct. 449, 72 L.Ed. 854; Gully v. First Nat. Bank in Meridian, supra, 299 U.S. 109 at page 113, 57 S.Ct. 96, 81 L.Ed. 70; 1 Moore's Federal Practice 105; 1 Cyclopedia of Federal Procedure, 2d Ed., § 269.

As to the trial court's second holding, we are unable on the facts of the situation to see any sound reason why a federal court should refuse to exercise jurisdiction for comity reasons. The Commissioner of Finance of Missouri had filed his final report as statutory receiver, with the state circuit court having supervisory jurisdiction of the liquidation, and had been permitted to be discharged. Instead of objecting to the discharge of the Commissioner as such receiver, on the ground that he had not satisfied the Corporation's claim in full by the payment of interest on it as an inherent incident, and asking the state circuit court to direct the Commissioner to make such payment out of the surplus funds on hand, as it would seem that the Corporation could have done, the Corporation and the sole stockholder chose to enter into an agreement which deferred the settling of that question and left it a matter for litigation solely between themselves. The effect of the agreement was to allow the Commissioner to be discharged as receiver by the state circuit court and the surplus funds to be turned over to the sole stockholder; to require the sole stockholder to place in escrow, as a protection to the Corporation, a sum equal to the interest on the principal amount of the Corporation's claim from the closing of the bank to the time the principal was paid by the Commissioner; and to leave the determination of the Corporation's right to interest during the liquidation, and the disposition of the escrow fund which would result therefrom, to personal litigation between the Corporation and the sole stockholder in "a court of competent general jurisdiction".

It will be noted that the agreement did not provide that such litigation was re-

---

[2] The special provision of 12 U.S.C.A. § 264(j), Fourth, 49 Stat. 692, that "All suits of a civil nature at common law or in equity to which the Corporation [in its own capacity] shall be a party shall be deemed to arise under the laws of the United States", would appear to have been intended to leave the term "arising under the laws of the United States", in section 24(1)(a) of the Judicial Code, sub-

ject to its full meaning under the doctrine of the Osborn case, in suits by or against the Federal Deposit Insurance Corporation, whether the Government should continue to own more than one-half of the capital stock or not, and to make the limitation upon the meaning of that term in 28 U.S.C.A. § 42, 43 Stat. 941, inapplicable to the Corporation.

quired to be instituted in the state circuit court which had supervised the liquidation, but merely in "a court of competent general jurisdiction", which manifestly, we think, was intended to mean in the situation any court that would have jurisdiction of the subject matter and the parties. Nor did the state circuit court, in discharging the Commissioner as receiver and authorizing a distribution of the surplus assets to the sole stockholder subject to the agreement, purport to reserve unto itself jurisdiction of the litigation in which the Corporation and the sole stockholder might engage. And there could hardly be said to be any public policy or interest that would be served by requiring the parties to present the controversy to the state circuit court, since, with all other claims of creditors paid, the receivership closed, · and the escrow fund made security for the Corporation's rights by personal agreement, there was no one except the Corporation and the sole stockholder who could possibly have any interest in or be affected by the outcome of the litigation between them.

The situation therefore was not, as the trial court suggested, similar in its material aspects to that in Federal Deposit Insurance Corporation v. Citizens State Bank of Niangua, 8 Cir., 130 F.2d 102, where we thought the Corporation's right to interest on its deposit claim should be left to the state circuit court supervising the liquidation, on comity considerations, because in that case the receivership had not yet been closed but was ready for termination and final distribution; the state circuit court as an incident of such closing would apparently be required to pass upon the same question of interest right in relation to the claims of other creditors whose deposits had exceeded the amount insured by the Corporation; an attempt by the federal court to resolve the question, which at that time had not been settled by any Missouri appellate court decision, might complicate or delay the closing of the receivership, since such an adjudication as to the Corporation would not be binding on the state circuit court as to claims of other creditors and so could not settle the question generally in the receivership, and, if the state circuit court should take a contrary view on the other claims, a needless and unseemly conflict in decision and results to creditors might be occasioned in the same liquidation; and, finally, as we stated in the opinion, 130 F.2d at page 105, it was the plain province and duty of the state circuit court, in directing and supervising the distribution of the bank's assets, to enter in any event such orders as might be necessary to compel the Commissioner to recognize the inherent incidents and distributive attributes under Missouri law of the allowed claims of creditors, in effecting the ratable distribution of assets to creditors which the Missouri statutes contemplated, and there was no reason to presuppose that this would not be done or to attempt in the circumstances to control the performance as to a single creditor.

■ But these reasons, which seemed to us persuasive in the Citizens State Bank of Niangua case, are not present here. Any refusal by a federal court to exercise its jurisdiction for comity reasons necessarily must rest on the facts of the individual case. Generally speaking, a federal court may not refuse to exercise its jurisdiction on comity considerations, "except in special and peculiar circumstances", Commonwealth Trust Co. of Pittsburgh v. Bradford, 297 U.S. 613, 618, 56 S.Ct. 600, 602, 80 L.Ed. 920, and on the basis of "such limitations as traditionally justify courts in declining to exercise the jurisdiction which they possess", Meredith v. City of Winter Haven, 320 U.S. 228, 237, 64 S.Ct. 7, 12, 88 L.Ed. 9. See also Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A. L.R. 1077; Markham v. Allen, 66 S.Ct. 296. In the present case, as we have indicated, there was no sound basis for refusing to exercise federal jurisdiction as a matter of comity.

On this conclusion, there remain to be considered two further questions—(a) whether under Missouri law a depositor is entitled to interest on his claim during liquidation, where there are surplus assets, and (b), if so, whether the Corporation's right to demand interest in the present situation was barred as a matter of Missouri limitation.

■ On the first question, we think it clear that under Missouri law a depositor is entitled to interest on his allowed claim in a bank liquidation, from the closing of the bank until the principal is paid, if there is an ultimate surplus available for interest-payment purposes. The case of Federal Deposit Insurance Corporation v. Farmers Bank of Newtown, 180 S.W.2d 532, so

holds, and this is the rule generally, as the numerous decisions from other jurisdictions cited in the opinion, 180 S.W. 2d 532 at page 535, show. The right to have interest paid in such a situation is an inherent incident of the allowed claim and does not depend upon any particular form of presentation or demand against the receiver. 180 S.W.2d 532 at page 537; and cf. Federal Deposit Insurance Corporation v. Citizens State Bank of Niangua, 8 Cir., 130 F.2d 102, 105, footnote 12.

■ On the second question, the Farmers' Bank of Newtown case, supra, 180 S.W.2d 532 at page 537 and 538, also is determinative that the Corporation's right to interest in the present situation was not barred by limitation. The contention of the sole stockholder that the right to the payment of interest is barred rests upon section 7932, Mo.R.S.A., which provides: "When the time within which the commissioner is required to approve or reject claims has expired and at any time within six months thereafter, a claimant whose claim has been duly filed and has not been approved by the commissioner may institute and maintain an action thereon against such corporation. No action shall be maintained against such corporation while the commissioner is in possession of its affairs and business unless brought within the period of limitation specified in this section." The suit here was not brought within six months of the time that the Commissioner was required to approve or reject claims generally, nor within six months of the time that the Corporation subsequently made demand upon the Commissioner for the payment of interest by a separate claim statement and the Commissioner refused the demand. The Farmers Bank of Newtown case holds that the special limitation in section 7932, Mo.R.S.A., is not applicable to the right of depositors to demand interest upon the principal of their allowed claims out of such surplus assets as have been turned over by the receiver to the stockholders or their agent, with (we take it) the question of interest rights legally left open as to such assets at the time the distribution is made.[3] There is no basis or warrant for us to declare, as

the sole stockholder seeks to have done, that this is not the Missouri law. Under Fidelity Union Trust Co. v. Field, 311 U.S. 169, 177, 178, 61 S.Ct. 176, 85 L.Ed. 109, and West v. American Telephone & Telegraph Co., 311 U.S. 223, 237, 61 S.Ct. 179, 85 L. Ed. 139, 132 A.L.R. 956, we must accept the decisions of a state intermediate court on questions of state law, "unless * * * convinced by other persuasive data that the highest court of the state would decide otherwise." 311 U.S. 223 at page 237, 61 S. Ct. 179, at page 183, 85 L.Ed. 139, 132 A. L.R. 956.

■ In the present case, the order of the state circuit court authorizing the distribution of the surplus funds to the sole stockholder specifically left open the question of the Corporation's right to interest on its allowed claim, as against the escrow fund, pursuant to the intent and agreement of the parties. There can be no question, therefore, that under any narrow view even that might be taken of the Farmers Bank of Newtown case, the present situation is within the rule there laid down. An observation as to the rationale of the rule in its relation to the present situation might be made. It can hardly be doubted, we think, from the inherent nature and purpose of a bank receivership and the power of the state circuit court under the Missouri statutes to control all distributions, that the Corporation could, at any time after the surplus funds had become available for that purpose and remained in the Commissioner's hands, or at least at such time as the Commissioner should undertake to obtain authority from the court to make other disposition of them, have made application to the court for an order requiring the Commissioner to use such funds to pay interest upon the claim. This would be nothing more than a demand for payment in full of the allowed claim and its inherent incidents, to which the Corporation was entitled as a matter of law in such a situation. Certainly the limitation in section 7932, Mo.R.S.A., could have no possible application to such a demand and attempt in the receivership to obtain satisfaction of the allowed claim in full. No more would the limitation soundly be applicable

---

[3] Presumably, if the state circuit court, in closing the receivership and authorizing distribution of the surplus assets to the stockholders or their agent, should also enter an order denying the right of the depositors to interest upon their allowed claims, of which the depositors had notice, this would constitute an adjudication, requiring an appeal, and would preclude the maintenance of an action as in the Farmers Bank of Newtown case.

to a shifting of the right to full satisfaction from the receivership to a holding of the surplus assets by a stockholder, especially where, as here, the stockholder had specifically taken the assets subject to the right. In such a situation, the general statute of limitations, and not the special limitation of section 7932, Mo.R.S.A., would be applicable to the attempt of the creditor to obtain interest upon his allowed claim against the stockholder out of the distributed assets.

The Corporation has urged that it is entitled to interest upon its interest rights from the date of the escrow agreement. It would have had no right to such a compounding in the receivership and the agreement between the parties created no such general right on the transfer of the surplus assets by the court from the receiver to the sole stockholder, nor is the escrow fund shown to have had any earnings.

The judgment is reversed and the case is remanded to the District Court with directions to enter a judgment declaring that the Corporation is entitled to interest in the amount of $6,877.19 upon its allowed claim from the closing of the bank to the payment of the principal of its claim, and ordering the escrow holder to pay to the Corporation the escrow fund in the amount of $6,877.19 in satisfaction of this right.