## KROESE v. GENERAL STEEL CASTINGS CORPORATION et al.

### Civ. A. No. 8850.

United States District Court
E. D. Pennsylvania.
June 20, 1949.

·Herman I. Lurie, New York City, Morris L. Forer, of Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for plaintiff.

Chauncey Belknap, New York City, Allen Hunter White, of Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for General Steel Castings Corporation.

W. Heyward Myers, Jr., of Morgan, Lewis & Bockius, Philadelphia, Pa., for Charles E. Acker and John D. Tyson.

Philip Wallis, of Drinker, Biddle & Reath, Philadelphia, Pa., for Harrison Hoblitzelle.

GANEY, District Judge.

This class action was brought by a holder of preferred stock of defendant corporation to compel a declaration and payment of accumulated dividends of over $5,850,000 on 100,000 shares of preferred stock. Plaintiff is a citizen of the State of New York; defendant is a Delaware corporation. Jurisdiction of this court to entertain the action is predicated solely upon Sec. 1332 of Title 28 U.S.C.A. concerning diversity of citizenship and requisite amount in controversy.

Defendant corporation's articles of incorporation provide that the holders of preferred stock shall be entitled to recover dividends at the annual rate of six dollars per share payable quarterly "when and as declared by the Board of Directors". In the event, which is the case here, of the failure of the corporation to make payment in full of four quarterly installments of dividends, the holders of preferred stock, as a class, are thereafter entitled to elect one-third of the board of directors until regular payment of dividends has been resumed and all arrears have been paid. Subject to this privilege of the holders of preferred stock, the holders of the common stock elect the board of directors. The corporation's by-laws permit a majority of the board of twelve members to constitute a quorum for the purpose of transacting business.

It is claimed that the failure of the board of directors, against whom no personal liability is asserted, to declare dividends is unreasonable, arbitrary, and primarily in the interest of four corporations which among them own slightly in excess of ninety-two percent of the common stock, and that the acts of the directors have been in bad faith in violation of their duties as fiduciaries for the holders of preferred stock.

The original complaint, which named only the corporation as a defendant, has been amended to include the names of nine [1] of the twelve members of the board of directors. This was done to conform with

[1] The citizenship of the nine named members does not appear in the record.

an interlocutory order of the court directing that the members of the board, or a majority thereof, be served with summons and a copy of the complaint as provided by law. It now turns out that there is no one State or Federal District in which a majority of the board members reside, and jurisdiction as to both service of process and venue over a majority of such board members can be acquired only by their voluntary appearance. Of the nine named members, only three who reside in Pennsylvania have been served; the others have not voluntarily appeared.

■ The corporation and the three properly served directors have moved to dismiss the action under Rule 12(b)(7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for plaintiff's failure to bring indispensable party defendants in court. Of course if the members of the board of directors are indispensable parties, plaintiff's omission deprives this court of authority to proceed in the matter. Minnesota v. Northern Securities Co., 184 U.S. 199, 235, 22 S.Ct. 308, 46 L.Ed. 499. On the other hand, if they are not indispensable parties, Rule 19(b) permits us to proceed in the matter without their presence.

■ It is the rule in Pennsylvania and Delaware, as in other states, that a court, when called upon to do so, will not interfere with the internal management of a corporation, foreign or domestic, except in cases where the act complained of are unlawful.[2] Yet where the declaration of dividends is a matter of discretion with the board of directors of a corporation and its refraining from declaring such dividends is an abuse of that discretion, which we must assume to be the case here, the court can not place itself in the shoes of the board and declare dividends; it can only order them, by an appropriate decree, to declare the dividends.[3] Therefore it would seem to follow that in the absence of jurisdiction over an appropriate number of the board of directors, this court would be unable to compel them to declare dividends. It has been held that indispensable parties include those in the absence of which, the court is powerless to grant the relief demanded. See Kendig v. Dean, 97 U.S. 423, 425, 24 L.Ed. 1061; Rhoads v. National Iron Bank of Pottstown, D.C., E.D.Pa., 35 F.Supp. 650, 652. It has also been held in a case in which the question has been squarely raised that a majority, at least, of the board of directors of the corporation are indispensable parties in an action to compel a declaration of dividends. Schuckman v. Rubenstein, 6 Cir., 1947, 164 F.2d 952, 957-958, certiorari denied, 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151, noted in 69 Harv.L.Rev. 1253 (1948); 3 Moore's Fed. Practice, 2d Ed., 1948, Sec. 19.14, p. 2176. Also see Consolidated Textile Corporation v. Dickey, 5 Cir., 1921, 269 F. 942; Kelley v. Queeney et al., D.C.W.D.N.Y.1941, 41 F.Supp. 1015. Consequently we must hold that a majority of the board of directors of defendant corporation are indispensable parties to this action.

Accordingly the motion to dismiss this action is allowed without prejudice to the plaintiff or any member of the class for the benefit of whom this action was instituted.

---

[2] Jones v. Costlow, 1944, 349 Pa. 136, 141–142, 36 A.2d 460; Jones v. Motor Sales Co. of Johnstown, 1936, 322 Pa. 492, 185 A. 809; Hlawati v. Maeder-Hlawati Co., 1927, 289 Pa. 233, 137 A. 235; Bloes v. Wagner Fire Brick Co., 19 Lack.Jur. 203; Otis & Co. v. Penna. R. R. Co., E.D.Pa.1945, 61 F.Supp. 905, affirmed in 3 Cir., 155 F.2d 522; Eshleman v. Keenan, 1938, 22 Del.Ch. 234, 194 A. 40, Id., Del.Ch., 2 A.2d 904; 11 Fletcher Cyc. Corp., 1932 Ed., Sec. 5325.

[3] Kales v. Woodworth, 6 Cir., 1929, 32 F.2d 37, 39; 11 Fletcher, Cyc. Corp., 1932 Ed., Sec. 5326, p. 816.