IN THE MATTER OF LIQUIDATION OF HOLLAND BANKING COMPANY, RESPONDENT, v. T. W. ROBERTSON, APPELLANT.—149 S. W. (2d) 909.

Springfield Court of Appeals, April 3, 1941.

*Collins & Pierce* for appellant.

*Farrington & Curtis* for respondent.

FULBRIGHT, J.—This action was instituted in the Circuit Court of Greene County, March 23, 1940, by respondent filing a petition asking the court to hear and dispose of any claims that appellant, T. W. Robertson may have in certain funds amounting to $4151.60, in the hands of respondent, and that if the court finds that said funds belong to the Holland Banking Company that a final dividend be ordered paid therefrom to the creditors of said banking company. Judgment was rendered in favor of respondent from which said judgment T. W. Robertson has duly appealed to this court.

Respondent's petition, among other things states "that at the time he obtained the order for the payment of said final dividend, he overlooked and failed to include in the assets in his possession, subject to the payment of such dividend, amounts due the Holland Banking Company from the Farmers State Bank of Mt. Vernon, Missouri, and from the Mt. Vernon Bank, both in Lawrence County, Missouri, on claims which the Holland Banking Company had filed against said banks; that since the payment of said dividend and the sale of said assets, there has come into the possession of your petitioner from dividends on said claims the sum of $4151.60 in cash", and alleges, in substance, that these funds belonged to the Holland Banking Company and are available as a dividend to the creditors of said banking company, and alleges that "T. W. Robertson is

making claim to said fund on the ground that said claims were included and sold to him in the sale of their remaining assets of the said Holland Banking Company.'' It further alleges that said claims were not included in the assets sold to T. W. Robertson and that in the opinion of the petitioner ''said funds belonged to the creditors of the said Holland Banking Company.''

Appellant filed a Plea In Bar, which, omitting caption and signatures, is in words and figures as follows:

### PLEA IN BAR

''Comes now T. W. Robertson and shows to the court that at the September, 1939, Term of this court, R. W. Holt, Commissioner of Finance of the State of Missouri, secured an order from this court to sell all the remaining assets of the Holland Banking Company; that in pursuance of that order he sold all the assets of said bank to the highest bidder; that included in such assets was a claim of $4151.60 due from the Farmers State Bank of Mt. Vernon, Missouri; that the said T. W. Robertson was the highest bidder for all the personal assets of said bank; that at the time of such sale a representative of the Commissioner of Finance of the State of Missouri announced publicly that the sale included all the remaining assets of said bank; that such sale was made and completed and approved by the Judge of this Court during the September Term, 1939, of said Court; that under an order made by this court at said September Term the Commissioner of Finance made a final distribution to the creditors of said bank; that all the orders made by the Judge of this court at the September Term, 1939, constituted a final judgment in this matter.

''It is further shown to the court that at the present January Term, 1940, of this court a petition has been filed by the Commissioner of Finance of the State of Missouri asking the court to reopen the proceedings which transpired at the September, 1939, Term for the purpose of having the court make an order instructing the Commissioner of Finance to distribute to the creditors of the bank the above mentioned sum of $4151.60, alleging that such sum does not belong to T. W. Robertson, who bought all the assets of the Holland Banking Company.

''The said T. W. Robertson alleges that this court has no jurisdiction to consider the petition filed at this term of court for the reason that a final judgment was rendered in this matter at the September, 1939, Term of Court.

''Wherefore, the said T. W. Robertson prays the court to dismiss the petition filed at this term of court relating to this matter.''

Respondent offered in evidence what is designated as ''Plaintiff's Exhibit A'', and which purports to be the petition previously filed by respondent in the Circuit Court of Greene County, May Term, 1939, and which is entitled, ''In the Matter of the Holland Banking

Company, in the charge of R. W. Holt, Commissioner of Finance of the State of Missouri, in relation to the sale of all the remaining assets of said bank.''

From the petition above mentioned we quote in part as follows:

''Your petitioner further represents to the court that the Holland Banking Company is the owner of the following described real estate in Crowley County, Colorado, to-wit: Southwest Quarter of Section 23, Township 19 South, Range 57 West, 6th Principle Meridian; also personal notes, Rubber Tire Supply Company notes, miscellaneous notes and notes held under collateral agreement, aggregating in amount the sum of One Million, Three Hundred and Thirty-seven Thousand, Nine Hundred and Twenty-three Dollars and Forty-six Cents ($1,-337,923.46) more particularly itemized and set forth in Exhibit A that is hereto attached and made a part hereof.''

From Exhibit A, attached to and made a part of said petition and which was offered in evidence in the instant case as Plaintiff's Exhibit A-1, we quote as follows:

### ''NOTICE OF PUBLIC SALE.

''Pursuant to an order of the Circuit Court of Greene County, Missouri, all the remaining assets of the Holland Banking Company of Springfield, Missouri, will be sold to the highest bidder for cash in hand, at the front door of the State Court House in Springfield, Missouri, on Friday the 29th day of September, 1939, between the hours of 9:00 o'clock A. M. and 5:00 o'clock P. M.

TERMS OF SALE: CASH AND SUBJECT TO APPROVAL OF THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI.

| | |
|---|---:|
| Personal Notes | $1,196,134.42 |
| Rubber Tire Supply Co. Notes | 12,607.03 |
| Miscellaneous Notes | 51,241.35 |
| Notes held under Collateral Agreement | 77,940.66 |
| | $1,337,923.46 |

Following the above quoted portion of Exhibit A-1 is a list of the assets that make up the above total, and following this list of assets appears this statement:

''Notes may be inspected at the office of the undersigned Special Deputy Commissioner of Finance, Room 412, McDaniel Building, Springfield, Missouri.''

The last two paragraphs of the petition, Plaintiff's Exhibit A, read as follows:

''Your petitioner further represents to the court that the aforesaid property constitutes all of the remaining assets of the said Holland Banking Company and that in the opinion of your petitioner, the best interests of the Holland Banking Company and of the creditors and depositors of the said Holland Banking Company, would be sub-

served by the sale of said property at public auction to the highest bidder or bidders for cash, at a public sale at front door of the State Court House in Springfield, Missouri, on Friday, the 29th day of September, 1939, between the hours of Nine o'clock A. M. and Five o'clock P. M.

"Wherefore, your petitioner prays the Court for an order authorizing and permitting your petitioner, as Commissioner of Finance of the State of Missouri, to sell the said property as aforesaid and to execute a good and sufficient deed to the purchaser of the real estate and an adequate and sufficient assignment to the purchaser or purchasers of the personal property, and for such other and further orders in the premises as to the Court may seem necessary."

This was all the evidence offered by respondent, at the close of which appellant offered the Order of Sale, Notice of Sale, Report of Sale, the Order of the Court confirming and approving the sale, the Petition for Final Dividend, and the Order of Final Distribution. In the Order of Sale, the commissioner of Finance is authorized and directed to sell "all of the remaining assets of the said bank embracing one tract of real estate located in Crowley County, Colorado, and personal notes, Rubber Tire Supply Co. notes, miscellaneous notes and notes held under collateral agreement, aggregating in amount the sum of $1,337,923.46, all more particularly itemized and described in the application . . ."

In the Notice of Sale, among other things it is stated, "a list of the remaining assets can be seen in the office of Richard Johnson, Special Deputy Commissioner in charge, 412 McDaniel Building, Springfield, Missouri." In the Report of Sale, the Deputy Commissioner of Finance states, "that heretofore, to-wit: On the second day of September, 1939, this court made and entered in its order of record authorizing and directing the sale of all the remaining assets of the Holland Banking Company, embracing certain real estate belonging to said bank and undisposed of and also a large number of promissory notes and other assets aggregating the sum of $1,337,923.46, all of which was particularly described in the application and petition filed in connection with the request of said order, . . .", and reports that on Friday, the 29th day of September, 1939, pursuant to said order, first having given due notice thereof by a printed notice published in the Springfield *Leader & Press,* did proceed to sell and dispose of all of said real estate and personal assets belonging to the said Holland Banking Company, as in said application set forth.

The sale of the real estate is reported and continuing, the report says: "That all of the remaining assets belonging to said bank consisting of promissory notes and cash items and described in said petition, were sold to T. W. Robertson, at his bid of $70.00."

In the Order confirming the sale it is stated that the Deputy Commissioner of Finance "files with the Court his report of the sale of

the remaining assets belonging to the Holland Banking Company . . . pursuant to an order of this court made and entered of record on the 2nd day of September, 1939 . . ."

"Wherefore, it is considered, ordered, adjudged and decreed by the court that the sales of said assets belonging to the said Holland Banking Company, as set forth in said report of sales, be and they are hereby confirmed and approved, . . ."

In the petition for final dividend we quote as follows:

"Your petitioner further states that all of the assets of said Holland Banking Company have now been disposed of and converted into cash and that there are no assets belonging to said Bank, except as represented by the cash now on hand.

"Your petitioner further states that after having reserved and set aside a sum sufficient to pay the costs and expenses incident to the final liquidation of said Bank, including the delivery of dividends to the creditors thereof, there remains on hand in the possession of your Commissioner cash in the sum of $121,580.25."

The petitioner then asks for an order authorizing the payment of a dividend to the general creditors of 3.85%. The Order of Final Distribution recites that the Special Deputy Commissioner of Finance "files with the court his petition setting forth that all he assets belonging to the Holland Banking Company have been converted into cash . . . and that there now remains on hand the sum of $121,580.25," sufficient to pay a general dividend of 3.85%, "and the Court doth further find that the assets of said bank have all been liquidated and converted into cash and that no reason exists why the liquidation of said bank should not be terminated and the assets on hand distributed . . ."

"Wherefore, it is ordered, adjudged and decreed by the court that the said Commissioner of Finance be and he is hereby authorized to pay a dividend of 3.85% . . ."

It was then admitted that pursuant to this order the Commissioner of Finance began and was at the time of the filing of the petition before the court, and is now engaged in distributing checks to the various creditors for the 3.85% as final dividend.

T. W. Robertson, the appellant, testified that he was the purchaser at the sale mentioned in respondent's petition; that the amount of his bid was $70.00, which he then and there paid. ;

Appellant then offered to prove that at the time of the sale and immediately before his bid he had a conversation with the Deputy Commissioner of Finance and asked him, while the sale was being conducted, if he was selling "all and every remaining assets of the Holland Banking Company", to which inquiry Mr. Johnson replied: "Yes, I am." The offer of proof was objected to and the objection sustained.

Richard Johnson, Special Deputy Commissioner of Finance, in charge of the Holland Banking Company, was offered as a witness by appellant. He testified that the Holland Bank closed in January, 1924; that for more than eleven years its liquidation was under the direction of John Cahill; that in December, 1934, he (Johnson) was placed in charge; that claims were filed by the Mt. Vernon Banks against the Holland Banking Company; that each of the Mt. Vernon Banks had small deposits in the Holland Banking Company and that there were dividends due on those deposits; that the Holland Banking Company had deposited small amounts in each of these two banks— in the Mt. Vernon Bank, $25,000; that the money deposited was out of the funds of the Holland Banking Company and that the Holland Bank had a preferred claim against each of these banks; that he did not know the value of these claims but figured they would pay approximately $400; that this was considered a cash item, used for the expenses of the liquidation and that they accounted for it in making the distribution of 3.85%, as authorized by the court. The checks were dated December 10, 1939, and the distribution started at that time; that two or three days before the filing of the petition in the instant case, he discovered that the claims against the Mt. Vernon Banks were worth more than $4,000 instead of $400; that he had arrived at the value of $400 through information obtained by inquiry of the Circuit Court of Lawrence County as to the number of preferred claims, so that he could figure the per cent that would be coming back to the Holland Banking Company after they paid their dividends to the Mt. Vernon Banks and in giving him this information they gave him the amount of the common claims instead of the preferred claims; that he made his calculation from the information given him and arrived at the erroneous figure of $400 in that manner; that he knew all that was necessary was to send checks to the Mt. Vernon Banks and to receive back checks for the claim of the Holland Banking Company; that he treated the items as cash and that the Holland Banking Company had on hand, when he filed the petition, One Hundred Twenty-three Thousand and some odd dollars; that when he filed this petition in 1939 he figured these claims would pay approximately $400; that it was not his intention at the time to include them in the assets of the Holland Banking Company for selling; that he left them out of the assets to be sold, because they considered them as cash.

Appellant's Assignment of Errors follows:

I.

"The court erred in overruling appellant's plea in bar.

II.

"The court erred in refusing to admit competent and material and relevant evidence offered by appellant as to what statements the

Commissioner of Finance made as to the extent of the property he was selling at the very time of the sale.

### III.

"The court erred in rendering judgment for the plaintiff and against the defendant.

### IV.

"The court erred in overruling defendant's motion for a new trial."

The liquidation of an insolvent bank is a receivership proceeding, provided by statute and placed under control of the circuit courts, and in all actions relating to insolvent banks the courts act as a court of equity, and such court of equity having assumed jurisdiction, will retain same until full and complete justice has been done. [53 C. J. 19; Rockhill Tennis Club v. Volker, 331 Mo. 947, 56 S. W. (2d) 9, l. c. 20; Selle v. Selle, 337 Mo. 1234, 88 S. W. (2d) 877, l. c. 883; Waugh v. Williams, 119 S. W. (2d) 223, l. c. 227.]

Since the proceeding before us is equitable in character and we are required to review the entire record, the judgment will not be reversed on the ground that the court erred in admitting or excluding evidence. The improper testimony that may have been admitted will be disregarded and as the evidence which was excluded is nevertheless before us, we shall render the judgment which we think the pleading and evidence warrant. [Hamra v. Simpson, 108 S. W. (2d) 777.] And although the case is tried *de novo* before us and it is proper to consider the weight of the evidence, this court will usually defer to the finding of the trial Judge on disputed questions of fact and especially so when the evidence is close. [Creamer v. Bivert, 214 Mo. 473, 113 S. W. 1118; McKinney v. Hutson, 336 Mo. 867, 81 S. W. (2d) 951.]

With these well-established rules in mind the issues before us are not difficult to determine. Appellant's pleading designated a Plea In Bar, is wholly unsupported by the evidence disclosed by the record, and the only issue to be determined is, were the items from which the $4151.60 in controversy was derived, included in the application for an order authorizing the Commissioner of Finance of the State of Missouri to sell the property of the Holland Bank, made at the May Term, 1939, of the Greene County Circuit Court, and whether appellant, upon the sale made pursuant to the court's order authorizing the sale, became the purchaser of same. The record evidence of the court in which the sale was made, as heretofore set forth, clearly establishes the fact that the application for the sale did not include these items and only such items were sold as were described in the petition, listed in the exhibit attached to the petition and made a part thereof, and referred to in the Order of Sale. The Finance Commissioner was powerless to sell any assets not herein listed regardless of any parole statements he may have made at the time of sale. There is no evidence in the record from which it might be inferred that appellant, when

he made the purchase for $70.00, of the remaining assets of the Holland Bank, as described in the petition and application for sale and the exhibit attached thereto, understood, or was led to believe, that the items in controversy were being sold or that at the time of the purchase he understood, or was led to believe, that these items were included in the sale. Moreover, the testimony of the Finance Commissioner is to the effect that such items were not sold or intended to be sold; that they were not included in the list of assets described in the petition and exhibit attached thereto and were not intended to be so included; that said items were handled as cash items and treated solely as such. It is obvious that appellant acquired no right, title or interest to the funds in controversy as a result of his purchase at the sale aforesaid.

Furthermore, these assets treated as cash by respondent and now claimed by the appellant, were equivalent to money on deposit to the credit of the Commissioner of Finance for the use of the Holland Bank and as such were not the subject of sale. [Jones v. Peterson, 72 S. W. (2d) 76, l. c. 84.]

In conclusion we may say that notwithstanding the order and judgment terminating the liquidation of the Holland Bank, previously made, the court has continuing power to make disposition of the funds which came into the hands of the Commissioner of Finance, thereafter, for the use of the Holland Bank and to see that the same is paid to those rightfully entitled thereto. [53 C. J., p. 228, Par. 384; 53 C. J., p. 309, Par. 511.]

We therefore hold that the trial court had jurisdiction and power to order distribution of the funds in controversy; that the judgment is for the right party and is accordingly affirmed. *Blair, P. J.,* and *Smith, J.,* concur.