FEDERAL DEPOSIT INS. CORPORATION v. CITIZENS STATE BANK OF NIANGUA, NIANGUA, MO., et al.

No. 871.

District Court, W. D. Missouri, W. D.

Sept. 13, 1941.

Francis C. Brown and John L. Cecil, both of Washington, D. C., and Jerome Walsh, of Kansas City Mo., for plaintiff.

Haymes & Dickey, of Springfield, Mo., for defendant.

REEVES, District Judge.

After the issues were made up by appropriate answer to the complaint, the complainant through its counsel filed a motion for judgment on the pleadings.

A rather casual inspection of the pleadings discloses that no issue of fact is made thereby. The parties are in agreement as to the facts and the pleadings so show. The only question in the case is one at law and the motion for judgment filed by complainant was timely. The pleadings show that the Citizens State Bank of Niangua, at Niangua, Missouri, was taken in charge by the Commissioner of Finance of the State of Missouri, on January 12, 1940. On that date it had suspended payment of its obligations. The act of the Commissioner was in pursuance of law and he properly proceeded to the liquidation of its assets and the payment of its obligations. The complainant had previously insured the deposits upon the terms and to the extent provided by federal law. In accordance with its obligations the complainant proceeded seasonably to pay off and discharge the claim of depositors of the bank within the limits of its liability. From each of the depositors thus paid it took an assignment as well as a receipt. By the terms of the assignment it became subrogated, as authorized by law, to the rights of the assignor or depositor against the bank. By the 12th of May, 1940, the complainant had discharged all of its obligations to depositors and on that date filed its claim with the proper state authorities for the aggregate of $107,154.78. Subsequently, towit, on May 24, 1940, it filed an additional claim in the sum of 97 cents. Toward the latter claim the rule of de minimis non curat lex, if applicable, would be invoked.

The claims thus propounded against the bank were approved by a special deputy bank commissioner on July 15, 1940. On that date such claims were allowed in the sum of $107,097.32. Because of an error there was a deduction of $58.34 from the claim originally propounded by the complainant.

At the September Term, 1940, of the Circuit Court of Webster County, Missouri, a classification of claims was made. Of the total amount allowed to plaintiff $11,039.33 was classified as a preferred claim, the balance of $96,057.99 was classified as a common claim. At a later date the preferred claim was paid in full and a 90% dividend was paid on the common claim. Subsequently the remainder of the common claim was paid.

On December 18, 1940, after complainant had been reimbursed for the full amount of its claim, it submitted to a special deputy commissioner of finance in charge of the liquidation of said bank a claim for interest in the sum of $4,457.29. This amount was ascertained by computing interest at the rate of 6% on $107,097.32 from January 12, 1940, the date the bank suspended payment until complainant's claim was satisfied.

The defendant makes two main contentions: (a) It denies that the plaintiff is entitled to interest on its claim, and (b), furthermore, that even if so its claim for

interest was not seasonably propounded. These will be noticed.

1. The parties are agreed that the question of interest must be determined on the basis of the laws of the State of Missouri.

Section 3226, R.S.Mo.1939, provides as follows: "Creditors shall be allowed to receive interest at the rate of six per cent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made."

This statute is clear, and it has been and is the uniform practice in Missouri to permit or to allow interest on open accounts "after they become due and demand of payment is made."

Under repeated rulings of the courts, when the bank suspended payment it breached its obligation to its depositors and the law for all purposes presumed that demands for payment were made. Immediately it became liable to the depositors for interest on funds, the use of which had been denied to them. It would be inequitable for the bank, even in liquidation, to be permitted to collect interest on obligations to it on account of loans made out of its deposits and at the same time refuse interest to depositors. The question rarely arises for the reason that ordinarily the depositors are fortunate to receive the principal of their demands. In this case the assets of the bank are adequate for interest as well as principal. It would follow that under the laws of Missouri a right to interest would arise in favor of depositors against the defendant from the date the bank suspended unless this right has been modified by law.

2. The complainant by express provisions of the federal law becomes subrogated to the rights of the depositor to the extent of the payment made by it, and no more. Moreover, the rights of the depositor are modified by the federal law so as to eliminate all question of interest on his behalf. The national law contemplates that immediately upon suspension the complainant shall as nearly as possible put him in the exact position he was when the bank suspended. It would follow that the complainant was only entitled to propound its claim for the precise amount paid by it, with interest accruing from the date of the payments made by it. It did not do that in this case. It submitted a claim only for the amount paid. Because of a discrepancy in the claim the state authorities did not approve and allow the claim until July 15, 1940. The claim thus allowed was in the amount stated, namely, $107,097.32. This was the aggregate of both the preferred and common claims. If the complainant had asserted a claim for interest accruing from the date the payments were made until its claim was allowed it seems that under the law it would have been entitled to the allowance. It is true there are some authorities to the effect that interest may be allowed even though no claim is made for it. These authorities would be inapplicable in this case. Complainant was entitled to an allowance by the commissioner of finance for the amount of its claim and no more.

3. A different question arises after the approval and allowance of the claim. It would seem that under the Missouri Statute interest should be computed as an incident to the principal claim. On that date plaintiff's outlay was agreed upon, adjudged and acknowledged to be a valid claim against the bank.

By Section 3228, R.S.Mo.1939, it is provided that: "Interest shall be allowed on all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made by payment, * * * all such judgments and orders for money upon contracts bearing more than six per cent interest shall bear the same interest borne by such contracts, *and all other judgments and orders for money shall bear six per cent per annum until satisfaction made, as aforesaid."*

It does not seem equitable that a different rule should prevail in executive receiverships or liquidation proceedings from that enforced in the courts. Moreover, for certain purposes, the liquidation in this case was under the direction and supervision of the state Circuit Court. It would be idle to say that the order of the executive authority made under the supervision and with the passive approval of the judge of the court did not extend the same protection as if the order had been directly made in court.

It would follow from the foregoing that the complainant would be entitled to interest at 6% from and after the 15th day of July, 1940, until "satisfaction * * * by payment."

4. Some question has been raised as to the jurisdiction of the court.

The Supreme Court has recently held that if the amount in controversy stated in the complaint is within the jurisdiction of the court, such jurisdiction is not ousted even if it may later appear that as a matter of law complainant was not entitled to recover an amount within the jurisdiction of the court.

Complainant is entitled to a judgment in the sum of $1,019.80 and no more, this amount being interest accrual at 6% from July 15, 1940. An appropriate journal entry will be entered for that amount.