**FEDERAL DEPOSIT INS. CORPORATION v. CITIZENS STATE BANK OF NIANGUA et al.**

**CITIZENS STATE BANK OF NIANGUA v. FEDERAL DEPOSIT INS. CORPORATION.**

Nos. 12229, 12231.

Circuit Court of Appeals, Eighth Circuit.

July 30, 1942.

Rehearing Denied Sept. 22, 1942.

Jerome Walsh, of Kansas City, Mo., and John L. Cecil, of Washington, D. C. (Francis C. Brown, of Washington, D. C., on the brief), for Federal Deposit Ins. Corporation.

Charles W. Dickey, of Springfield, Mo. (Haymes & Dickey, of Springfield, Mo., on the brief), for Citizens State Bank of Niangua et al.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The Federal Deposit Insurance Corporation seeks a declaratory judgment,[1] against the Citizens State Bank of Niangua, Missouri, in liquidation, and the Commissioner of Finance of the State of Missouri, in charge of the liquidation thereof, of its right to interest upon its claim as subrogee of the amount paid depositors pursuant to its insurance obligation under section 12B of the Federal Reserve Act as amended, 49 Stat. 684, 695, 12 U.S.C.A. § 264, sub. (l) (6) and (7), out of a surplus remaining in the Commissioner's hands after payment of the principal amount of all claims against the Bank. The proceeding was prompted by a threat of the Commissioner to turn this surplus over to the stockholders of the Bank, without payment of any interest to creditors for the period that their claims remained unsatisfied during the liquidation.[2]

The District Court was of the opinion, 40 F.Supp. 805, that, on the facts presented, the Corporation was entitled to interest from, but not before, the date that the Commissioner had formally approved the claim which the Corporation had filed. Such approval was not made for some months after the Commissioner took charge of the Bank, and payment of the claim was not made until several months later. The case is submitted here on a record consisting of the pleadings and a stipulation of facts.

The first question presented is as to the right of the Corporation to receive interest, under the provisions of 12 U.S.C. A. § 264, sub. (l) (7). The Commissioner contends that the language in that subsection, that the Corporation, "upon the payment of any depositor * * *, shall be subrogated to all rights of the depositor against the closed bank *to the extent of such payment*" (italics added), prohibits the Corporation from receiving interest as a liquidation incident, and entitles it to reimbursement only for the sum which it has paid out, without the right to any interest, even though there is a surplus available for that purpose. We regard this as a strained and unreasonable construction. The expression "to the extent of such payment" is equivalent here to the term "pro tanto", or to the words "as to the portion of the deposit paid".[3] The language of the statute in no way restricts the scope of the Corporation's pro tanto subrogation rights, but, on the contrary, it expressly provides that, to the extent of the payment made, or as to the portion of the deposit paid, the Corporation shall be entitled to "all rights of the depositor against the

---

[1] The prayer of the complaint is that the court "adjudge and declare" that plaintiff, as statutory subrogee and assignee of depositors, is entitled to interest on its claim from the date of the closing of the Bank to the date that the principal amount thereof was paid by the Commissioner, and for general equitable relief.

[2] The Commissioner, without seeking the direction of the State Circuit Court having supervision of the distribution of the liquidation proceeds, asserts, among other contentions, that no bank creditor is entitled to interest upon his claim during the liquidation period, even though there is a surplus available for such purpose. By this contention he would appear to desire to favor stockholders over creditors, although his primary position in a bank liquidation is, of course, that of creditors' representative. See Dennis v. Grand River Drainage District, Mo.App., 74 S.W.2d 58, 60; Craig v. Stacy, 330 Mo. 569, 50 S.W.2d 104, 106.

[3] This construction has been recognized and followed by the Comptroller of the Currency in national bank liquidations and by the Supreme Court of Iowa in Bates v. Farmers Savings Bank of Ankeny, 3 N.W.2d 517.

closed bank".[4] This obviously includes the usual and inherent incident of interest for the period that the bank's obligation for the deposit remains unsatisfied as against the Corporation, if a surplus is available for that purpose.[5] It must accordingly be declared and held that the Federal Deposit Insurance Corporation Act does not prohibit the Corporation from receiving interest upon its claim against a closed bank for the portion of the deposits which it has paid, but contemplates that the Corporation shall be entitled to collect, as part of its subrogation rights, such interest as is properly and ordinarily incident to the payment of claims of depositors in a bank liquidation, where there is a surplus available for this purpose.[6]

The remaining controversy between the parties relates to the right of a depositor generally to interest in a bank liquidation under Missouri law, and to the immediate right of the Corporation to interest in the present liquidation under the form of claim filed by the Corporation and under the form of approval made by the Commissioner and by the supervising State Circuit Court.

The Commissioner contends that, under Missouri law, regardless of whether there is a remaining surplus, a deposit claim is never entitled to interest during liquidation, although he is unable to find any statute that so provides or any decision of the Missouri appellate courts that so holds. The Commissioner further contends that the Corporation should in any event be held to be barred from receiving interest here, because it did not set out in its original claim statement the specific period for which it was asserting a right to interest, although the statement filed with the Commissioner made claim for the amount which the Corporation had paid to depositors and "for such interest as may be allowed by law", and although the liquidation statutes of Missouri appear to make no prescription for technical pleading formalities in a claim statement filed with the Commissioner. Again, the Commissioner contends that his approval of the Corporation's claim was

---

4 This is re-emphasized by the subsequent provision in the same subsection that, "In the case of any closed insured bank, such subrogation shall include the right on the part of the Corporation to receive the same dividends from the proceeds of the assets of such closed bank and recoveries on account of stockholders' liability as would have been payable to the depositor on a claim for the insured deposit, but such depositor shall retain his claim for any uninsured portion of his deposit * * *". 12 U.S.C.A. § 264, sub. (l) (7).

5 "* * * after the estate passes into the hands of the liquidating court, interest stops, not because the claims should not continue to carry interest, but because the estate must first meet principal. * * * But when the estate turns out to be solvent, then each creditor gets interest just as though the debtor himself were paying his debts." Glenn on Liquidation, § 488, pp. 691, 692. So far as bank deposits are concerned, the closing and liquidation of a bank generally are treated as the equivalent of a default upon a demand obligation, and the depositor is entitled to interest at the statutory rate applicable to such a default, until his claim is paid, if there are assets sufficient for that purpose. 7 Am.Jur. 287.

6 Neither the purpose of the Act nor its legislative history evidences any philanthropic intent, in a situation such as this, to allow the use of the Corporation's funds to become a source of profit to stockholders of a defaulting bank, at the expense of the Corporation. The Corporation is an instrumentality of the United States, with certain governmental privileges granted to it (12 U.S.C.A. § 264, subs. (k), (p) and (w), and with public monies constituting a part of its capital funds (Id., sub. (d). It derives its insurance fund from the assessment of all qualifying banks (Id., sub. (h). The public is interested in the preservation of the Corporation's solvency, because of the stability to the banking system which the Act was designed to promote, through the protection of deposits (Title of Act, 49 Stat. 684), and because of the investment of public funds therein. D'Oench, Duhme & Co. v. Federal Deposit Insurance Corporation, 62 S.Ct. 676, 86 L.Ed. 956. "The great concern of Congress was to keep the plan solvent, and the subrogation features of the act are devices for this purpose * * *." In re Liquidation of Anchor State Bank, 234 Wis. 261, 291 N.W. 329, 334. It would hardly contribute to the solvency of the fund, or to the protection of the public monies invested, to hold that stockholders of a closed bank were entitled to receive any surplus that remained, from accumulated earnings upon the bank's assets during liquidation, or otherwise, after payment only of the principal amount of the Corporation's claim, without any interest for the period that its funds were outstanding in the liquidation.

specifically intended to deny the right and to preclude the payment of any interest,[7] although his approval consisted merely in noting upon the claim, which was for $107,154.78 and such interest as may be allowed by law, the words "Approved in the amount of $107,096.35—Rejected 58.43", and although he could not properly approve any definite or final interest allowance for the liquidation period, as a fixed liability or obligation of the receivership, until the principal of all claims had been paid and there was a remaining surplus. Finally, the Commissioner contends that the order of the Circuit Court confirming his approval of the Corporation's claim is res judicata that the Corporation is not entitled to interest, because this order also contains no specific provision for payment of any interest, although the order was primarily a general claim-allowance order made for the purpose of enabling payments or distributions to be made to creditors,[8] and although the Circuit Court sits and "acts as a court of equity" in the liquidation proceeding and "has continuing power to make disposition of the funds which come into the hands of the Commissioner of Finance * * * and to see that the same is paid to those rightfully entitled thereto."[9]

■ But all of these questions, except the construction of the Federal Deposit Insurance Corporation Act, initially discussed, seem to us to be questions which arise out of and inhere in the proceedings previously had between the Corporation and the Commissioner, for the allowance of the Corporation's claim in the State Circuit Court having supervisory jurisdiction over the liquidation,[10] and which, in their relation to the Corporation's right under Missouri law to receive interest as an incident of the claim-allowance order made, must be regarded as still controllingly pending in that court. Plaintiff's general claim, as has been indicated above, was submitted to the State Circuit Court for an allowance order under the Missouri statutes, and such an order was duly entered. That court clearly has continuing jurisdiction over the payment of the claims allowed, and it is its province and duty, in equitably supervising the distribution of the bank's assets, to enter any supplementary orders, in connection with plaintiff's claim and the allowed claims of other creditors, that may be necessary to compel the Commissioner to recognize the inherent incidents and distributive attributes of such claims, in effecting the ratable distribution of assets to creditors [11] which the Missouri statutes contemplate.[12]

The Corporation can readily file a petition in the State Circuit Court, which has already assumed jurisdiction to allow its

---

[7] Considered separately, this contention might appear to imply that the Commissioner had designedly handled the situation to insure that any surplus would go to stockholders instead of to creditors; but we do not believe that the Commissioner would consciously wish to become an antagonist instead of a representative of any general, legitimate rights of creditors.

[8] Mo.Rev.St.1939, §§ 7932 and 7934, Mo.R.S.A. §§ 7932, 7934.

[9] Holland Banking Co. v. Robertson, Mo.App., 149 S.W.2d 909, 913, 914.

[10] "The method provided for liquidating insolvent banks is by and through the commissioner of finance, as statutory receiver, under the supervision of the circuit court where the bank is located." Kirrane v. Boone, 334 Mo. 558, 66 S.W.2d 861, 865.

"When the commissioner comes into possession, he becomes an officer of the court, holding the assets of the bank in his hands as a trust estate, to be administered under the direction of the circuit court of the county, in which the bank is located, for the benefit of the

depositors and other creditors of the bank." Craig v. Stacy, 330 Mo. 569, 50 S.W.2d 104, 106.

[11] Mo.Rev.St.1939, § 7932, Mo.R.S.A. § 7932.

[12] No Missouri decision has been cited to us, and none has been found, passing upon the general right of creditors to interest, where there is a surplus available for this purpose, for the period that their claims remain unsatisfied during the liquidation. The federal courts have long recognized this right, dating from the closing of the bank, as an inherent incident of a deposit claim in a national bank liquidation. National Bank of Commonwealth v. Mechanics' National Bank, 94 U.S. 437, 24 L.Ed. 176; Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864; Ticonic National Bank v. Sprague, 303 U.S. 406, 58 S.Ct. 612, 82 L.Ed. 926. The right to receive such interest is regarded as being inherent in the claim and as not being affected by the formalities of the statement or proof of claim that may be filed. Stein v. Delano, 3 Cir., 121 F.2d 975, 979. A special statute, Mo.Rev.St.1939, § 7949, sub. 3b, Mo.

general claim and which retains jurisdiction to see that such claim is fully paid in accordance with the order, to compel the Commissioner to make such further payments to it as are implied by or inhere in the original claim-allowance order under Missouri law. That court obviously will be required to pass upon the identical question in relation to the claims of other creditors who are not parties to this proceeding. In the circumstances of the situation presented, we feel that it would be inappropriate and improper for us to undertake to enter a declaratory judgment upon the scope, effect or inherent legal incidents of the State Circuit Court's claim-allowance order, which is still pending before that court, as a matter of continuing jurisdiction, until all liquidation and distributive purposes have been accomplished. Were the situation one in which no order of claim allowance or other claim ruling had been made, or in which a construction of the incidents or scope of the state court's order was unrelated to a retained and continuing jurisdiction, the comity consideration might be different.[13] Under the circumstances here, we deem it our duty to limit our adjudication to the controversy between the parties over the Corporation's rights under federal law, which we have declared above.

The judgment of the District Court will accordingly be reversed, and the cause will be remanded-with directions to enter a declaratory judgment that the Federal Deposit Insurance Corporation Act, 49 Stat. 684, 12 U.S.C.A. § 264, does not prohibit the Corporation from receiving interest upon its claim against the Citizens State Bank of Niangua, in liquidation, and that the Corporation is entitled to have paid to it by the Commissioner of Finance, as part of its subrogation rights, such interest as is properly incident to the payment of claims of depositors in a bank liquidation, under Missouri law, where there is a surplus available for this purpose; and with

directions to dismiss the complaint of plaintiff in respect to the other questions raised, without prejudice, however, to the right of the Corporation to file the proper application in the State Circuit Court for the assertion of its rights against the closed bank and the Commissioner of Finance as statutory receiver or liquidator thereof, by virtue of the claim-allowance order which has previously been made.

Reversed and remanded with directions.

---

R.S.A. § 7949, subd. 3b, provides that, upon the liquidation of any state bank in Missouri, the Federal Deposit Insurance Corporation "shall, *with like force and effect as if the closed bank were a national bank*, be subrogated to all the rights against a closed bank of the owners of insured deposits therein \* \* \*." (Italics added.) Whatever the meaning of this statute may be, and apart from any special statutory provision, the interest rule applied in national bank liquidations appears to be the rule generally. 3 Zollmann on Banks and Banking, Permanent Edition, § 1781; 7 Am.Jur. 287; 9 C.J. S., Banks and Banking, § 527, p. 1011; 39 A.L.R. 462, annotation; 32 Mich.L. R. 1069.

[13] Cf. Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920; Dempsey v. Pink, 2 Cir., 92 F.2d 572; Kelleam v. Maryland Casualty Co., 312 U.S. 377, 382, 61 S.Ct. 595, 85 L.Ed. 899.