## FEDERAL DEPOSIT INS. CORPORATION
### v. GEORGE-HOWARD et al.

#### No. 126.

District Court, W. D. Missouri, S. D.

July 26, 1944.

Roy Rucker, of Kansas City, Mo., for plaintiff.

B. C. Howard, of Kansas City, Mo., for defendants.

OTIS, District Judge.

1. The question first presented in this case is, has this court jurisdiction? Is the matter in controversy one that arises "under the * * * laws of the United States" within the meaning of 28 U.S.C.A. § 41(1) (a)? Is the declaration of the Congress in Section 264(j) (12 U.S.C.A.) of the Act creating Federal Deposit Insurance Corporation that "all suits * * * to which the Corporation shall be a party shall be deemed to arise under the laws of the United States" of controlling significance?

Disregarding, for the present, the question concerning the effect of the congressional declaration, we initially consider the question of jurisdiction as it is presented by the complaint, having in mind the rule that jurisdiction must affirmatively appear. There is no allegation of diversity of citizenship and could not be.[1] There is no allegation that the controversy *does* arise under the laws of the United States (only that it "is deemed to arise under the laws of the United States"). What law

---

[1] If it be assumed that F. D. I. C. is a citizen and resident of the District of Columbia (there is no allegation to that effect in the complaint), it is well settled

gives rise to the rights sought to be enforced?

F. D. I. C., under authority of 12 U.S.C.A. § 264 et seq. insured deposits in Nevada Trust Company, a state bank. In accordance with its obligation as insurer the depositors were paid when the bank was taken over for liquidation. F. D. I. C. has been reimbursed out of the Trust Company's assets in the full principal amount of the deposits made good by it. Time elapsed between payment to depositors by F. D. I. C. and reimbursement of F. D. I. C. out of the assets. The present claim is for interest on the amounts paid depositors for the period between payment and reimbursement and is made against the assets of the Trust Company, which, in the amount claimed, are held in escrow for disposal, according to the escrow agreement, "as any court of competent jurisdiction shall adjudge."[2]

The legal theory of the complaint is that F. D. I. C. has the rights against the assets which depositors assigned it when they were paid.[3] It would enforce those rights by this proceeding. A copy of the assignment (one was made by each depositor) is set out in the complaint. It assigns the depositor's claims against the bank.

The claim of a depositor against a bank for the repayment to him of the amount of his deposit (and for interest if there is a legal claim to interest) is under state law for the enforcement of a contractual obligation. So much is obvious. If it were not obvious, it is expressly declared in the Act (12 U.S.C.A. § 264(l) (7)), "that the rights of depositors * * * of any State bank shall be determined in accordance with the applicable provisions of State law."

So the rights assigned to plaintiff arose under state law. But here is this curious provision of Sec. 264(j), that— "All suits of a civil nature * * * to which the Corporation shall be a party shall be deemed to arise under the laws of the United States: * * *." What does that mean? The word *"deem"* means (it is the only definition in the dictionary which has any relevancy)—"to have an opinion; to judge; believe; suppose." Webster's New International Dictionary, 2nd Edition. The injunction of the statute must be addressed to the judges. (To whom else could it be addressed?) Is Congress then saying to the judges what shall be their *opinion*, how they shall *judge* the question of jurisdiction, what they shall *believe* or *suppose*? The power of Congress to do that is challenged here by defendants and rightly challenged. Certainly it is *a judicial question* whether a given controversy arises under a law of the United States. Congress has no more power to instruct the courts how they shall decide judicial questions than the courts have to instruct Congress how it shall legislate.[4]

---

law that there is not diversity of citizenship between a citizen and resident of the District of Columbia and a citizen and resident of one of the states.

[2] While this proceeding is nominally against the owner of the surplus assets of the Nevada Trust Company after liquidation and the individual holding certain of those assets in escrow, the proceeding is in reality a proceeding to enforce plaintiff's claim against the assets, an essential part (or a continuation) of its proceeding before the Commissioner and the State Circuit Court.

[3] No other theory is suggested in the complaint. While the complaint does, at one point, speak of plaintiff's subrogation under the statute to the rights of depositors, it is clear that, in this proceeding, the only subrogation was through the assignments of depositors.

[4] At the oral argument when counsel for plaintiff was asked why he contended that the United States District Court had jurisdiction, he replied that it was because of the congressional declaration that suits brought by F. D. I. C. should be "deemed to arise under the laws of the United States." Counsel did not suggest that in fact this suit does arise under any law of the United States. He urged, however, that jurisdiction had been exercised by federal courts and recognized by federal courts of appeals. In that connection he referred to Federal Deposit Ins. Corp. v. Citizens State Bank of Niangua, 8 Cir., 130 F.2d 102, to Federal Deposit Ins. Corp. v. Winton, 6 Cir., 131 F.2d 780, 143 A.L.R. 1050, and also to the decisions of district courts in the same cases. The cases cited, however, were declaratory judgment proceedings of which the federal district courts and, therefore, the reviewing courts, clearly had jurisdiction under the declaratory judgment statute. In those cases the question of jurisdiction was not raised. If it had been raised, a conclusion that there was jurisdiction would not be applicable to a case of the present character, which is not a declaratory judgment proceeding.

2. Whether this court has jurisdiction under Sec. 41, 28 U.S.C.A. (we have concluded it does not have), there is good ground for holding it should not exercise jurisdiction from a consideration of comity. We think the learned and admirable opinion of the Court of Appeals for the Eighth Circuit in Federal Deposit Ins. Corp. v. Citizens State Bank of Niangua, 8 Cir., 130 F.2d 102, 105, supports that conclusion. That was a declaratory judgment proceeding involving the right of F. D. I. C. to interest under circumstances very like those of the present case. There, as here, F. D. I. C. had paid depositors in a state bank whose deposits it had insured. There, as here, the bank had been taken over for liquidation under state law. There, as here, F. D. I. C. had filed its claim with the Commissioner of Finance (the liquidating official under state law) for the principal amount of its payment to depositors and also for interest on that amount. There, as here, the Commissioner had approved the claim for the principal amount and rejected the claim for interest. There, as here, the State Circuit Court having jurisdiction of the liquidation approved, in general, the action of the Commissioner. There is only a slight difference between that case and this. In the Bank of Niangua case the Circuit Court did not specifically approve—or specifically disapprove—that part of the Commissioner's order rejecting the claim for interest. In this case the Circuit Court neither approved or disapproved the Commissioner's rejection of interest, but it approved an agreement under which that question was referred to "a court of competent jurisdiction."

With the facts as they were in the case cited (substantially the same as the facts here) the Court of Appeals declined to pass on any question except a question as to the interpretation of a federal statute. The court said that all the questions raised, including the question of the claimant's right to interest in a bank liquidation under Missouri law and whether that question was res adjudicata, are "questions which arise out of and inhere in the proceedings previously had between the Corporation and the Commissioner, for the allowance of the Corporation's claim in the State Circuit Court having supervisory jurisdiction over the liquidation." The questions, said the Court of Appeals, should be submitted to the State Circuit Court "which has already assumed jurisdiction to allow its [the Corporation's] general claim and which retains jurisdiction to see that such claim is fully paid."

In accordance with the law so declared we would say, if we assumed jurisdiction, that plaintiff's prosecution of its claim for interest should be in the State Circuit Court to which its claim, and all the incidents thereof (including the incident of interest) were required to be submitted by applicable state law.

### Findings of Fact.

The Court finds the facts to be as stipulated between the parties in the Agreed Statement of Facts, Plaintiff's Exhibit 1. Defendants' Exhibits A and B were received subject to objection, which objection is now overruled (so ordered), but no additional findings are bottomed upon those exhibits.

### Conclusions of Law.

1. This United States District Court has no jurisdiction of this proceeding; the controversy does not arise under the Constitution or laws of the United States.

2. If this United States District Court does have jurisdiction, out of comity that jurisdiction should not be exercised in this proceeding; the claim of the plaintiff against the assets of the Nevada Trust Company (together with all of the incidents of that claim) have been heretofore presented to the State Circuit Court of Vernon County, Missouri, and should be maintained only in that court.

### Judgment and Decree

This case coming on to be heard upon the pleadings, the evidence introduced and the arguments of counsel, the Court having made findings of fact and announced conclusions of law, and being fully advised in the premises:

It is by the Court ordered, adjudged and decreed that this proceeding be and the same is dismissed. The costs are assessed against plaintiff.